LEVIN H. CAMPBELL, Chief Judge.
 

 Banco Central Corporation appeals from the district court’s order affirming the bankruptcy court’s refusal to dismiss an action brought by the trustee contesting Banco’s claim to be a secured creditor. As we lack appellate jurisdiction, we dismiss the appeal.
 

 Before Empresas Noroeste, Inc. went into bankruptcy, Banco loaned it money secured, or so Banco thought, by a mortgage on the debtor’s real estate. Because of recording problems, the trustee in bankruptcy would not recognize the mortgage, and Banco brought an action to have the status of its lien determined. This action had not been decided when, two years later, the trustee sold the real estate in question at auction. The sole bidder, and the purchaser, was Banco. Confirming the sale, the bankruptcy court allowed Banco to offset the amount it was owed by the debtor against the purchase price, thus treating Banco, at that time, as a secured creditor. However, the bankruptcy court also indicated its awareness that the trustee was contesting Banco’s secured status. The trustee insists, and the bankruptcy court itself later ruled, that confirmation of the sale was meant to be without prejudice to subsequent resolution of the dispute concerning recognition of Banco’s mortgage. Under this view, if the mortgage were later held invalid, Banco would be required to settle up with the estate in cash for the purchase price of the real estate against which it had been earlier allowed to offset its asserted lien.
 

 Banco sharply disputed the trustee’s position that the validity of its mortgage remained open to challenge after the sale. It insisted that once the bankruptcy court confirmed the sale of the real estate to it on terms which permitted offset of the mortgage — an action from which the trustee never appealed — all question as to Ban-co’s secured status was resolved in Banco’s favor.
 

 After confirmation of the sale, Banco withdrew its suit to determine the status of its lien. Thereupon, the trustee brought the present action, asking the court to set aside Banco’s mortgage as a preferential transfer under 11 U.S.C. §§ 544(a), 547, 549 (1982). Banco responded by moving to dismiss the complaint on various grounds including that it was a collateral attack upon the order confirming the sale, and was barred by res judicata.
 

 The bankruptcy court denied Banco’s motion to dismiss the trustee’s action. In stating its reasons for doing so, the court said that the trustee could object to a claim at any time before final liquidation of the estate so long as the creditor had not been prejudiced by the trustee’s failure to have acted earlier. The court said, “where as here the creditor purchased with full knowledge its secured status was being questioned, [it] cannot claim prejudice.”
 

 The district court affirmed the bankruptcy court’s refusal to dismiss the trustee’s action seeking to invalidate Banco’s purported lien. Banco now appeals from this order of the district court.
 

 We hold that we have no jurisdiction to entertain this appeal because the bankruptcy court’s order denying the motion to dismiss was not “final” within the meaning of 28 U.S.C. § 158(d) (1982). Only “if the underlying bankruptcy order appealed from was itself final” would we have jurisdiction over this appeal.
 
 In re American Colonial Broadcasting Corp.,
 
 758 F.2d 794, 800 (1st Cir.1985). The special considerations bankruptcy proceedings deserve in terms of determining the finality of their orders are not here present.
 
 In re Saco Local Development Corp.,
 
 711 F.2d 441, 444 (1st Cir.1983);
 
 In re American Colonial Broadcasting Corp.,
 
 758 F.2d at 801. This is not a case that presents a “discrete dispute within the larger case” of a bankruptcy proceeding, but is simply an appeal from an interlocutory order
 
 within
 
 
 *317
 
 what may be such a discrete dispute
 
 (i.e.,
 
 the dispute whether Banco is a secured .creditor). An order denying a motion to dismiss, such as that before us, is a common example of what is normally a non-ap-pealable interlocutory order.
 
 Catlin v. United States,
 
 324 U.S. 229, 236, 65 S.Ct. 631, 635, 89 L.Ed. 911 (1945);
 
 Fano v. Meachum,
 
 520 F.2d 374, 377 n. 4 (1st Cir.1975);
 
 Save the Bay, Inc. v. United States Army,
 
 639 F.2d 1100, 1102-03 (5th Cir.1981);
 
 Texaco, Inc. v. Cottage Hill Operating Co.,
 
 709 F.2d 452, 453 (7th Cir.1983).
 
 See also Firestone Tire & Rubber Co. v. Risjord,
 
 449 U.S. 368, 373-74, 101 S.Ct. 669, 673-74, 66 L.Ed.2d 571 (1981). Denial of Banco’s motion to dismiss merely allows the trustee to proceed with his challenge to Banco’s mortgage. It does not prevent Banco from asserting available claims or defenses and, if unsuccessful, from ultimately appealing in respect to relevant issues, including the one it now seeks to raise. While the question is not now before us, and we need not address it, a ruling voiding or sustaining Banco’s security may mark the final determination of an appealable “discrete dispute.” But the present order, rejecting Banco’s motion to dismiss, is not such a final determination but is merely the end-of a preliminary bout. No special circumstances making it essential for us to decide at this advance point in time have been presented.
 
 See Cohen v. Beneficial Industrial Loan Corp.,
 
 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949);
 
 Forgay v. Conrad,
 
 47 U.S. (6 How.) 201, 12 L.Ed. 404 (1848).
 

 We have said that in order for an interlocutory order to be eligible for review as a collateral order under the
 
 Cohen
 
 rule:
 

 [t]he order must involve: (1) an issue essentially unrelated to the merits of the main dispute, capable of review without disrupting the main trial; (2) a complete resolution of the issue, not one which is “unfinished” or “inconclusive”; (3) a right incapable of vindication on appeal from final judgment; and (4) an important and unsettled question of controlling law, not merely a question of the proper exercise of the trial court’s discretion.
 

 In re American Colonial Broadcasting Corp.,
 
 758 F.2d at 803.
 

 Appellant contends that “the dismissal of the action serves permanently to deny important collateral rights of Banco.” It adds,
 

 Since these defenses, if resolved in Ban-co’s favor, would preclude altogether the claims, merits and issues present in the adversary proceeding brought by the Trustee, the final resolution afforded to them by the Courts below could not be effectively reviewed after the final judgment in the adversary proceeding.
 

 This argument relates to the third
 
 Cohen
 
 factor which we have said “should be the ‘central focus’ and perhaps even the ‘dis-positive criterion’ of appellate jurisdiction over [interlocutory] orders.”
 
 In re San Juan Star Co.,
 
 662 F.2d 108, 112 (1st Cir.1981);
 
 Rodriguez v. Banco Central,
 
 790 F.2d 172, 178 (1st Cir.1986). This factor “turns on whether irreparable harm would result to appellants, not from the district court’s order itself, but from a delay in obtaining appellate review of that order.” It is clear that the “potential burdens of litigation or relitigation cannot alone constitute the requisite harm.”
 
 Id. See also In re American Colonial Broadcasting Corp.,
 
 758 F.2d at 803. Appellant has failed to identify what irreparable harm, if any, besides the burdens of litigation, it would be subject to if we do not review the order at this time and if it must wait in normal course until the bankruptcy court renders a final decision on the security question.
 

 Appeal dismissed for lack of appellate jurisdiction.