EASTERBROOK, Circuit Judge.
 

 Richard Berke, a dentist whose patients include employees of the City of Chicago, filed a petition for bankruptcy in 1985. Among the assets of the estate were receivables under the City’s plan for its employees’ dental care. The City promptly filed an independent suit against Berke un
 
 *294
 
 der RICO, contending that Berke defrauded the City by billing for work he did not perform. The bankruptcy judge lifted the automatic stay, permitting the RICO action to proceed. In 1986 Berke filed an adversary proceeding in the bankruptcy case, seeking compensation from Chicago for work performed after the petition. The City filed a counterclaim under RICO, contending that Berke’s efforts to collect for dental work before and after the petition in bankruptcy violated the mail fraud statute. (Chicago simultaneously amended its RICO action to make the counterclaim and the independent suit identical.) The City also asked the district judge to withdraw the reference of the adversary action to a bankruptcy judge, asserting that the RICO counterclaim required consideration of “other laws of the United States” within the meaning of 28 U.S.C. § 157(d). A transfer within the district court put the bankruptcy and RICO cases before a single district judge, who held that the RICO counterclaim made withdrawal mandatory. The court then granted summary judgment to Berke on his request to be paid for post-petition services. The court did not rule on the City’s counterclaim. Chicago immediately appealed, and we instructed the parties to file briefs addressing our jurisdiction.
 

 The parties’ briefs devote much attention to the effects of the order transferring the bankruptcy case to the district judge with authority over the RICO suit, which the parties call a “consolidation”. The order of the district court’s Executive Committee does not consolidate the cases, however; it reads in full: “IT IS HEREBY ORDERED that the above-captioned cause be reassigned to the calendar of” the judge presiding over the RICO case. The bankruptcy and RICO cases remain distinct, and we need not consider what the effects of consolidation would have been under
 
 Sandwiches, Inc. v. Wendy’s International, Inc.,
 
 822 F.2d 707 (7th Cir.1987), and
 
 Ivanov-McPhee v. Washington National Insurance Co.,
 
 719 F.2d 927 (7th Cir.1983).
 

 The difficulty is not the RICO suit but the counterclaim in the adversary proceeding. The disposition of Berke’s request to be paid for post-petition work does not conclude the proceeding; to the contrary, the bulk of the issues in the proceeding remain to be considered. In the absence of the findings required by Fed.R.Civ.P. 54(b) —made applicable in adversary proceedings by Bkr.R. 7054(a) — the disposition is not final, and hence not appealable. See
 
 Cold Metal Process Co. v. United Engineering & Foundry Co.,
 
 351 U.S. 445, 451, 76 S.Ct. 904, 908, 100 L.Ed. 1311 (1956).
 

 We held in
 
 In re Morse Electric Co.,
 
 805 F.2d 262, 264-65 (7th Cir.1986), that orders wrapping up an adversary proceeding with respect to a single party might be appeal-able without findings under Rule 54(b). See also
 
 In re Wagner,
 
 808 F.2d 542, 544-45 (7th Cir.1986).
 
 Morse
 
 and
 
 Wagner
 
 recognize that bankruptcy cases and their subordinate adversary proceedings contain many claims that would be stand-alone litigation outside of bankruptcy; the bankruptcy case, as the forum for a composition among creditors, may proceed while each claim is reduced to judgment. Appeals are permissible, we concluded, when the adversary proceeding includes separate claims or claimants ending in orders that would be the final disposition of separate suits outside of bankruptcy. If this adversary proceeding were a separate case outside of bankruptcy, it is apparent that the disposition of Berke’s request to be paid would not be appealable. The counterclaim involves the same parties; Chicago contends that some of Berke’s claims are fraudulent; the awards could cancel one another out in whole or in part. The entry of the findings specified under Rule 54(b) might make the judgment on Berke’s claim appealable if the principal claim and the counterclaim are sufficiently distinct.
 
 Curtiss-Wright Corp. v. General Electric Co.,
 
 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). In the absence of the findings the partial judgment is not appealable.
 

 The City maintains that it must appeal now or never, implying that the money it has been ordered to pay soon will be in Berke’s hands and beyond recall. Yet a judgment not final under Rule 54(b) also is not one on which execution lies. Rule 54(b)
 
 *295
 
 provides (emphasis added): “In the absence of such determination and direction, any order or other form of decision,
 
 however designated,
 
 which terminates fewer than all of the claims ... shall not terminate the action as to
 
 any
 
 of the claims or parties, and the order or other form of decision is subject to revision at any time_” Cf. Fed.R.Civ.P. 62(h) (permitting stay of enforcement even if a partial judgment is made final under Rule 54(b));
 
 Curtiss-Wright,
 
 446 U.S. at 13 n. 3, 100 S.Ct. at 1467 n. 3. Fed.R.Civ.P. 69 refers to state law when specifying procedures for the enforcement of judgments, and Illinois allows the enforcement of some interlocutory judgments, cf.
 
 In re Wey,
 
 827 F.2d 140 (7th Cir.1987). But Rule 69 deals only with “judgments” — which, by virtue of Rule 54(b), this order is not. Until the district court makes the necessary findings, Berke may not collect the award and the City may not appeal.
 

 Although this conclusion ends the proceedings here, we trust that the district court will examine its own jurisdiction. Berke’s action against Chicago apparently seeks money for himself, not for his estate in bankruptcy. Post-petition earnings in Chapter 11 cases such as this belong to the debtors under 11 U.S.C. § 541(a)(6) (excluding from the estate post-petition “earnings from services performed by an individual debtor”). Pre- and post-petition debts may not be set off. See
 
 Boston & Maine Corp. v. Chicago Pacific Corp.,
 
 785 F.2d 562 (7th Cir.1986). To the extent Berke has a claim unrelated to his bankruptcy — which is how the district judge handled it when ordering the City to pay Berke personally — there must be an independent ground of federal jurisdiction. See
 
 In re Xonics, Inc.,
 
 813 F.2d 127, 130-32 (7th Cir.1987);
 
 In re Chicago, Rock Island & Pacific R.R.,
 
 794 F.2d 1182, 1186-88 (7th Cir.1986). Berke’s adversary complaint does not contain an allegation of jurisdiction. The diversity jurisdiction is unavailable; it is not clear that any other is at hand. Berke’s claim would fall within the “related-to” jurisdiction of 28 U.S.C. § 157(c)(1) if its disposition could affect the entitlements of his creditors, see
 
 Xonics,
 
 813 F.2d at 131-32, but the district court did not consider how this could occur. Relatedness might be established if Chicago were holding hostage post-bankruptcy funds it admitted owing, for such self-help would violate the automatic stay under 11 U.S.C § 362(a)(7). Chicago maintains that Berke’s pre-bankruptcy debts to the City are not dischargeable, and if the district court should agree, the pre- and post-bankruptcy claims might be offset. The City’s RICO suit invokes federal jurisdiction, and Berke’s adversary proceeding might be re-characterized as a compulsory counterclaim to Chicago’s RICO action. Cf.
 
 Great Lakes Rubber Corp. v. Herbert Cooper Co.,
 
 286 F.2d 631 (3d Cir.1961). Whether these considerations carry the day we need not decide; it is enough to observe that appellate jurisdiction is not the only kind that is in doubt.
 

 The appeal is dismissed for want of jurisdiction.