CENTRAL ILLINOIS SAVINGS & LOAN ASSOCIATION, a federally chartered savings and loan association, Plaintiff,

v.

RITTENBERG COMPANY, LIMITED, an Irish Corporation d/b/a, Rittenberg, Ltd., d/b/a, Message Network, Ltd., et al., Defendants.

No. 85 C 10334.

United States District Court,
N.D. Illinois, E.D.

April 20, 1988.

Stephen B. Bell, Daniel P. Shapiro, David S. Heller, Pamela McLean Meyerson, Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd., Chicago, Ill., for plaintiff.

Charles J. Myler, James D. Skaar, Ruddy, Myler, Ruddy & Fabian, Leonard J. Wojtecki, William J. Truemper, Donald E. Mills, Dewey G. Hollingsworth, Truemper, Ward, Hollingsworth & Wojtecki, Aurora, Ill., Constantine N. Dranias, Chicago, Ill., James Jensen, Aurora, Ill., Chester H. Foster, Arnstein, Gluck, Lehr, Barron & Milligan, Kenneth E. North, Solomon, Rosenfeld, Elliott, Stiefel & Glovaka, Ltd., Chicago, Ill., for defendants.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

Appellants Huntington Trust Development Company, Inc. ("Huntington"), Drafting & Construction Services, Inc. ("Drafting"), Chess Development Co., Inc. ("Chess"), Carolyn DePhillips ("Carolyn"), James L. Popp ("James"), Linda Rheedy ("Rheedy"), and Linda Battle ("Battle") have appealed an order of the bankruptcy court pursuant to 28 U.S.C. § 158(a). In the order, the bankruptcy judge made "final" findings of fact and conclusions of law with regard to two of the twelve counts in the adversary complaint. On the basis of these findings, the judge ordered the trustee of IQ Telecommunications, Inc. to take possession of certain property and enjoined Appellants from proceeding with actions involving the Property pending in state court.

Appellee Central Illinois Savings & Loan, Inc. ("Central") has responded to the appeal by moving to dismiss it on the grounds that Appellants lack standing to appeal the bankruptcy court's order and have brought the appeal in bad faith. In separate briefs, Central has also contested the merits of the appeal.

None of the parties, however, has adequately addressed the threshold issue of this court's jurisdiction over the appeal. In

light of this court's duty to raise jurisdictional issues *sua sponte*, this court has examined the statutes and case law governing appeals from bankruptcy court orders, and has concluded that deciding the merits of the appeal—(generously) assuming there are any—would not be appropriate at this time.

### FACTS

Appellants are only a portion of the numerous individual and corporate defendants ("the bankruptcy defendants") in the adversary proceeding still pending before the bankruptcy court. In the adversary complaint, Central, on behalf of the estates of debtors IQ Telecommunications, Inc. ("IQT") and IQ Business Services, Inc. ("IQB"), seeks to recover from the bankruptcy defendants for a host of (alleged) violations of federal and state law.

Count VI of the adversary complaint seeks a declaration that the land and building located at 1281 North Farnsworth, Aurora, Illinois ("the Property") was fraudulently transferred to John J. Popp, as trustee of the George B. Popp Family Trusts B & C ("Family Trustee"), by the Rittenberg Company, Limited ("Rittenberg") on February 21, 1985. The basis for this claim is the bankruptcy judge's previous order of March 12, 1984, which (allegedly) ruled that Rittenberg is the alter ego of IQT and, accordingly, that property owned by Rittenberg is part of the bankrupt estate.

Count IX of the complaint seeks an injunction against all defendants from pursuing litigation in Illinois state courts to the extent that the litigation would involve a declaration of rights regarding the ownership of the Property. Count IX also seeks a determination from the bankruptcy court as to the rightful ownership of the Property.

Central filed the adversary complaint on March 21, 1985. On September 12, 1985, Central learned that various of the bankruptcy defendants, including a number of the Appellants, were engaged in a lawsuit in the Circuit Court of Cook County, Illinois, entitled *John J. Popp, as Trustee of* the *George B. Popp Family Trust, Trust "B" v. Carolyn DePhillips, et al.*, No. 85 CH 8689. In Count IV of a proposed counterclaim in that case, the defendants ("the state defendants") asked that "the title to 1281 North Farnsworth Avenue be revested in Rittenberg, Ltd."

Central promptly moved the bankruptcy court for a preliminary injunction against the state defendants to prevent the state court from making any determination concerning ownership of the Property, on the grounds that the bankruptcy court's order of March 2, 1984 had made the Property part of IQT's estate and, accordingly, that the bankruptcy court had exclusive jurisdiction over it. On September 13, 1985, the bankruptcy judge issued a temporary restraining order ("the TRO") which, *inter alia*, enjoined the state defendants "from proceeding in any manner with the state court lawsuit number 85 CH 8689."

On September 23, Central moved to extend the TRO and to consolidate the preliminary injunction hearing with a hearing on the permanent injunction. The bankruptcy court extended the TRO until October 3, set a hearing on the preliminary injunction motion for that date, and stated that, pursuant to Fed.R.Civ.P. 65(a)(2), "to the extent that ... the Court determines that the evidence submitted in support of the preliminary injunction is sufficient, it shall enter a permanent injunction on October 3, 1985." The hearing actually took place on October 4.

Before that date arrived, however, Central learned that, on September 23, the state defendants had instituted another state lawsuit, entitled *John J. Popp, as Trustee of the George B. Popp Family Trust, Trust "B" v. Carolyn DePhillips, et al.*, No. 85 CH KA 415 (Circuit Court of Kane County, Chancery Division) against two of the plaintiffs in the Cook County case. Thus, on October 2, Central filed a motion for rule to show cause with the bankruptcy court, alleging that the state defendants had violated the TRO by instituting the Kane County lawsuit.[1]

---

1. Although the Kane County complaint omitted    reference to the Property, the relief sought was,

At about that time, the bankruptcy defendants moved to vacate the bankruptcy judge's order of March 12, 1984 finding that Rittenberg was the alter ego of IQT.

At the October 4 hearing, it was agreed that the TRO would be extended until October 11, at which time a trial on the merits of the motion for preliminary or permanent relief, and on the rule to show cause, would begin. Although the bankruptcy defendants moved, on October 8, to continue the October 11 hearing date, their motion was denied.

On October 11, the hearing began. In response to the bankruptcy defendants' concerns that they had not had enough time to gather evidence for a trial on the motion for a permanent injunction, the bankruptcy court assured them that "the purpose of this hearing is to determine whether or not the agreed preliminary injunction should be expanded to protect the assets of the estate or assets to which the estate may be entitled, pending the ... final hearing on the merits of the permanent injunction."

After taking a substantial amount of testimony and other evidence, the court continued the hearing to October 17. Before it did so, however, the court instructed the parties to provide it, prior to the next hearing, with lists of witnesses and exhibits they intended to present in the remainder of the proceedings. He also asked for responses to these lists from the opposing parties.

By the time October 17 arrived, Central had provided the court and the other parties with a long list of their intended witnesses and exhibits. The bankruptcy defendants had not. Indeed, throughout the rest of the proceeding, which began on October 17, continued on October 18, and was finally concluded on October 25, the bankruptcy defendants refused to inform the bankruptcy judge of a single piece of evidence they wanted to present, or of a single objection to Central's evidence.

On October 24, 1985, the court issued the findings of fact, conclusions of law, and

order which are the subject of this appeal. After reaffirming its ruling of March 12, 1984 that Rittenberg was the alter ego of IQT, the court ruled as follows:

1) That the Property was acquired by Rittenberg on June 24, 1983;

2) That the Property became part of IQT's estate as of the court's order of March 12, 1984;

3) That, accordingly, the purported transfer of the Property by Rittenberg on February 21, 1985 was null and void;

4) That the trustee was to take possession of the Property and "arrange for its sale";

5) That "[i]f any party in this adversary complaint ... brings actions or continues to prosecute actions in the State Courts of Illinois concerning the property of the estate, including [the Property], they will be in violation of the automatic stay provisions of 11 U.S.C. § 362 and this Court will, after hearing, impose appropriate sanctions with respect to such violations."

The court then told the parties, in open court, that although it considered this order to be the "final permanent injunction" with regard to Counts VI and IX of the complaint, they were free to supplement the record with any additional evidence they had before it became final. The bankruptcy defendants offered nothing.

The next day, the bankruptcy defendants moved the court to reconsider the previous day's order, complaining that they wanted an opportunity to present their side of the case. Yet, when the judge asked them to make an offer of the evidence they would present if given a further opportunity to do so, one of their attorneys expressly refused; another remained silent.

On November 5, 1985, the Appellants filed a Notice of Appeal with this court. A few days later, they filed their Statement of Issues on Appeal. The Appellants' arguments are as follows:

1) That the court's findings and order of October 24 deprived some of the bankruptcy defendants—those with an assert-

Central claimed, substantially identical to that

sought in the Cook County case.

ed property interest in the Property—of property without their due process of law;

2) That the October 24, 1985 order violated Federal rule of Civil Procedure 65 ("Rule 65") "because it grants relief without the required notice under Federal Rules of civil Procedure 65(a)(1);"

3) That the October 24 order violates Rule 65(a)(2) "because the Court failed to give [the bankruptcy defendants] proper notice that the hearing on the preliminary injunction would be consolidated with the hearing on the final injunction;"

4) That the October 24 order violates Rule 65(c) because it is not specific as to what "assets" are involved in the injunction, and "because it does not clearly state whether defendants['] *Kane County* litigation is enjoined."

Thus, the Appellants do not challenge the substance of the bankruptcy court's findings of fact or conclusions of law,. but instead attack the procedures the bankruptcy court employed in reaching the decision and giving it effect. Central, for its part, not only argues, as expected, that the procedures used by the bankruptcy judge were proper, but also asserts that this court should dismiss the appeal because these Appellants lack standing to appeal the bankruptcy court's order and because Appellants have not brought the appeal in "good faith."

## DISCUSSION

While the numerous papers filed by the parties in this appeal certainly are not lacking in quantity of legal argument, they are sorely lacking in quality. The parties spend page after page of their briefs accusing each other of lies, deception and trickery, of fraud against each other and of fraud agianst this court. Yet, not one word of any brief—with the exception of Appellants' required allegation that "[j]urisdiction is based upon Title 28 § 158(a)"—addresses the first question that comes to mind when one examines the appeal now before this court: How can appellants have appealed an order by the bankruptcy court which resolved less than all of the claims against less than all of the parties? Since the answer to this question involves jurisdictional issues, this court will address it *sua sponte*, while reprimanding the parties for forcing it to do so. *See Matter of Morse Electronic Co., Inc.*, 805 F.2d 262, 265 (7th Cir.1986) ("The court needs—more, is entitled to—the scrupulous assistance of the bar in determining jurisdiction.").

28 U.S.C. § 158(a) provides two routes which a party can take in appealing a bankruptcy court's ruling to a district court. "[F]inal judgments, orders and decrees ... of bankruptcy judges" may be appealed as of right; "interlocutory orders and decrees ... of bankruptcy judges", on the other hand, may only be appealed "with leave of the [district] court." To determine which route was available to Appellants, therefore, this court must first decide whether the bankruptcy court's October 24, 1986 ruling was final or interlocutory.

*The Status of the Bankrutpcy Court's Order*

■ In rendering his ruling, the bankruptcy judge stated that he considered his ruling "final." Yet, were this an ordinary case outside the bankruptcy context, that statement would clearly be insufficient to make his ruling "final" for purposes of appeal. Rule 54(b) of the Federal Rules of Civil Procedure specifically states that:

> *Judgment Upon Multiple Claims or Involving Multiple Parties:* When more than one claim for relief is presented in an action, ... or when multiple parties are involved, the court may direct the entry of a final judgement as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.* In the absence of such determination and direction, any order or other form of decision, *however designated,* which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject

to revision at anytime before the entry of judgment adjudicating all the claims and the right and liabilities of all the parties. (Emphasis added).

Thus, although the judge characterized his order as "final,"[2] his failure to make "an express determination that there is no just reason for delay" means that, at least in the non-bankruptcy context, his order would not be final for purposes of appeal. *See* 10 Wright, Miller & Kane, *Federal Practice & Procedure* § 2654 at 38–39 ("Absent a certification under rule 54(b) any order in a multiple-party or multiple-claim action, even if it appears to adjudicate a separable portion of the controversy, is interlocutory."). Because, however, this is not an ordinary case—but instead an adversary proceeding in a bankruptcy case—this analysis does not end the inquiry.

Although Bankruptcy Rule 7054(a) gives Rule 54(b) life in the bankruptcy context, the caselaw makes clear that, appearances notwithstanding,[3] the former is not the latter's clone. The Seventh Circuit has said on a number of occasions that Rule 54(b) findings are not always necessary to make an order (or other form of decision) which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ("Rule 54(b) orders") final for a § 158(a) appeal. *In re Berke*, 837 F.2d 293, 294 (7th Cir.1988); *Matter of Morse Electronic Co., Inc.*, 805 F.2d 262, 265 (7th Cir.1986). Yet, the Court has also clarified recently that, despite some earlier intimations to the contrary, it has not obliterated Rule 54(b) in the bankruptcy context. *See In re Berke*, 837 F.2d 293, 294 (7th Cir. 1988) (order of bankruptcy judge resolving less than all of the issues involving a single party required Rule 54(b) findings to be

appealable as of right). *Compare In re Sandy Ridge Oil Co., Inc.*, 807 F.2d 1332, 1334 (7th Cir.1986) (stating in dicta that "[a] Rule 54(b) order ... is not necessary in bankruptcy cases").

The rule that Rule 54(b) findings are not always needed to make Rule 54(b) orders final in adversary proceedings stems from the same considerations that have long led courts to hold that certain orders rendered by bankruptcy judges in the course of administering bankruptcy cases are deemed final despite the fact that the orders often do not wrap up the cases. *See, e.g., In re Sax*, 796 F.2d 994 (7th Cir.1986) ("Orders approving or failing to approve the sale of a debtors' property are considered final decisions and are immediately appealable."); *In re Fox*, 762 F.2d 54 (7th Cir. 1985) (proceeding to establish claim against bankrupt estate is final for purposes of appeal when completed, even though the bankruptcy case continues). Where permitting an immediate appeal would enhance the bankruptcy court's ability to equitably and efficiently administer the bankrupt's estate, and would not pose a substantial risk of duplicative appeals, courts have applied a more flexible notion of finality in bankruptcy than in other contexts. *Clark v. First State Bank*, 841 F.2d 524, 1988 U.S.App. Lexis 3230 (3d Cir.1988) ("[W]e construe the factor of finality somewhat more broadly in [the bankruptcy] context than [in ordinary civil litigation]."); *accord In re Sandy Ridge Oil Co., Inc.*, 807 F.2d at 1134 (7th Cir.1986) ("The definition of 'finality' ... is more flexible in the context of a bankruptcy proceeding than under 28 U.S.C. § 1291.").

In cases governed by Rule 54(b)—or, more accurately, Rule 7054(a)—the Seventh Circuit has cited these considerations in

---

**2.** Rule 54(b) applies only to orders which would be final if not for the multi-party or multi-claim status of the case, and which are "separate from the remaining claims," *ODC Communications v. Wenruth Investments*, 826 F.2d 509, 512 (7th Cir.1987). The bankruptcy judge's order here clearly satisfies these criteria: Absent the other claims and parties, the bankruptcy judge's order invalidating the February, 1985 transfer of the Property would have been "final for the purposes of § 158." *Matter of Allen*, 816 F.2d 325,

327 (7th Cir.1987); and, despite the existence in the complaint of "some factual overlap" between the fraudulent conveyance claims and the others, this overlap is minor. *Compare ODA Communications v. Wenruth Investments*, 826 F.2d at 512.

**3.** Bankruptcy Rule 7054(a) states that "Rule 54(a)-(c) Fed.R.Civ.P. applies in adversary proceedings."

holding that "orders wrapping up an adversary proceeding with respect to a single party might be appealable without [Rule 54(b)] findings...." *In re Berke*, at 294; *Matter of Morse Electronic Co., Inc.*, 805 F.2d at 265 (7th Cir.1986) ("When one creditor's position is finally determined ... the disposition is final."). The court has also suggested that some Rule 54(b) orders may be deemed final in the absence of Rule 54(b) findings even if they do not dispose of all of the claims against any party. *See In re Berke*, at 294 ("Appeals are permissible ... when the adversary proceeding includes separate claims *or* claimants ending in orders that would be the final disposition of suits outside of bankruptcy.") (emphasis added). Whether such orders are to be deemed final depends on whether the considerations unique to bankruptcy litigation make the advantages of immediate appeal outweigh the risks that such appeals will result in piecemeal litigation. *See Matter of Morse Electronic Co., Inc.*, 805 F.2d at 265 ("The more an adversary proceeding looks like an independent lawsuit, attached to a bankruptcy case only because someone happens to be in bankruptcy, the more we will insist on the norms of finality under § 1291 and Rule 54(b)."). In this case, they clearly do not.

The bankruptcy court's ruling, though set forth in a number of paragraphs, really did only two things. First, it reaffirmed the ruling of some 18 months earlier that Rittenberg was the alter ego of IQT and, accordingly, that the Property was part of the estate. Second, it ruled that Rittenberg's purported transfer of the Property in February, 1985 was void. The rest of the bankruptcy court's order merely noted the ramifications of these two findings.[4] Thus, if the bankruptcy court's order is to be deemed final for the purposes of this appeal, it must be because such findings are the sort for which, even in multi-claim or multi-party litigation, the unique aspects of bankruptcy make the advantages of immediate appeal outweigh the disadvantages.[5]

The circumstances of this case demonstrate that they do not. The rulings, although predicated on the special powers of the bankruptcy trustee and the bankruptcy court, are really no different that a myriad of orders which a lower court may issue in an ordinary civil proceeding. Rule 54(b) orders declaring contracts unenforceable, invalidating deeds or awarding damages all have the effect of altering the rights and obligations of the parties; yet, none are final absent specific Rule 54(b) findings. *See Glidden v. Chromalloy American Corp.*, 808 F.2d 621, 623–24 (7th Cir.1986); *cf. Centurion Reinsurance Co., Ltd. v. Singer*, 810 F.2d 140, 144 (7th Cir.1987). This court can detect nothing unique to bankruptcy mitigating in favor of treating the bankruptcy court's rulings differently

4. For example, the Bankruptcy Court instructed the trustee to take possession of the Property and "arrange for its sale." This part of the court's order is not addressed to the Appellants and merely flows from the court's ruling that the Property is part of the estate. Nor does it bring the order within the rule that "[o]rders approving or failing to approve the sale [pursuant to § 363] of a debtor's property are considered final decisions and are immediately appealable." *In re Sax*, 796 F.2d 994 at 997 (7th Cir.1986). Should the trustee, in the future, seek and obtain the approval of the bankruptcy court for the sale of the Property, parties claiming ownership interests in the property may take the appropriate action at that time.

5. One exception to Rule 54(b) applies to both bankruptcy and non-bankruptcy cases. Under the *Forgay* doctrine, "orders shall be deemed final for the purposes of appeal if they threaten great hardship to a party by requiring immediate transfer of property from one party to another." *ODC Communications Corp. v. Wenruth Investments*, 826 F.2d 509, 513 (7th Cir.1987) (discussing *Forgay v. Conrad*, 47 U.S. (6 How.) 212, 12 L.Ed. 409 (1848) (Taney, C.J.)).

Although the bankruptcy judge's order may require the transfer of the Property from one person to another—from the Family Trustee to Central—the *Forgay* doctrine does not apply here for two reasons. First, the Family Trustee, though one of the bankruptcy defendants, is not an Appellant here. *See Central v. Rittenberg*, Minute Order (January 16, 1986 N.D.Ill.) (Duff, J.) (dismissing appeal of the Family Trustee for failure to prosecute appeal). Second, there is no evidence to suggest that the Family Trustee or anyone else will suffer "irreparable harm if an appeal is not allowed." *ODC Communications Corp. v. Wenruth Investments*, 826 F.2d at 513.

here.[6]

On the contrary, this case provides an excellent illustration of the need for applying Rule 54(b) in bankruptcy litigation. Although the bankruptcy judge termed his decision "final," Rule 54(b) makes perfectly clear that he could alter it at any time. 10 Wright, Miller & Kane, *Federal Practice & Procedure* § 2653 at 25–26 ("Any order that does not contain both the required determination and direction, even though it adjudicates one or more of the claims, is subject to revision any time before a judgment is entered adjudicating the remaining claims."). Rather than wasting this court's time with an appeal addressed solely to the procedures employed by the bankruptcy judge, the Appellants could have collected their evidence—if indeed they have any—and presented it to the bankruptcy court at any stage of the extended litigation that was, and is, sure to follow.[7] Furthermore, issues that the bankruptcy court purported to finally resolve may well arise again as the parties litigate the remainder of this case. To call the bankruptcy judge's ruling here "final" for the purposes of § 158(a) appeals would be to render Rule 54(b) meaningless in bankruptcy cases. The Seventh Circuit has not done so, nor will this court.

*The Status of the Appeal*

▮ Since the bankruptcy court's October 24 ruling was not a final order for § 158(a) purposes, Appellants were not entitled to appeal the order as of right. This determination does not, however, mean that this appeal must be dismissed.

As noted above, § 158(a) permits an appeal of an interlocutory order of a bankruptcy judge with leave of the district court. Furthermore, Bankruptcy Rule 8003 provides that, as long as a notice of appeal is timely filed, the failure to request leave to appeal is not a jurisdictional defect; the district court may grant leave to appeal *sua sponte* at any time. *See Clark v. First State Bank*, 841 F.2d 524, 1988 U.S.App. Lexis 3230 (3d Cir.1988).

The interaction of Rule 8003 and the interlocutory appeal provision of § 158(a), then, renders much of the above discussion of finality superfluous at the district court level. Even if all rule 54(b) orders were deemed interlocutory in bankruptcy cases, as they are in ordinary litigation, the same factors that now go into deciding whether a Rule 54(b) order of a bankruptcy judge should be deemed final in the absence of Rule 54(b) findings would have to be considered by the district court in deciding whether to grant leave to appeal these orders pursuant to § 158(a); and the failure of a party to recognize that the order was interlocutory, and thus required leave of court to appeal, would not affect the district court's jurisdiction to undertake this analysis before declining the appeal.

Nevertheless, there are good reasons why a district court should first determine whether a bankruptcy court order is final or interlocutory before granting or dismissing the appeal. First, where, as in this case, the court intends to dismiss the appeal, it should make sure that the bank-

**6.** To the extent that Appellants relied on the fact that the bankruptcy court termed his order an "injunction" for their position that they could appeal the order as of right, this reliance was sorely misplaced. While orders granting or denying injunctions in ordinary litigation, whether final or not, are entitled to immediate appeal, *see* 28 U.S.C. § 1292(a), non-final injunctions in bankruptcy cases must be appealed through the mechanisms of § 158(a)—that is, with leave of the district court. Furthermore, the so-called injunction did nothing more than remind the bankruptcy defendants that they must abide by the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. § 362.

**7.** One factor might make Appellant's decision to appeal here understandable—if in fact it actual-

ly played a role in their decision. Prior to the Seventh Circuit's recent ruling in *Matter of Kilgus*, 811 F.2d 1112 (7th Cir.1987), the Court had made clear that some Rule 54(b) orders would be deemed final in the absence of Rule 54(b) findings, but had not explained what the ramifications would be if a party failed to appeal such an order. *Matter of Kilgus* clarifies that, in the absence of Rule 54(b) findings, "a failure to appeal will [not] wipe out [the] right to appellate review." 811 F.2d at 1117. Because this appeal was filed before that decision, the Appellants here might have feared that, had they not sought immediate review, and had this court later ruled that the bankruptcy court's ruling was in fact final, they would have been precluded from ever appealing it.

ruptcy court's order, though appearing to be interlocutory, does not fall within the "liberal" definition of final orders in the bankruptcy context. Second, where the court decides to grant the appeal, its basis for doing so—either because the order was "final" and thus appealable as of right or, instead, because the order was interlocutory but nonetheless merits appeal—will be important should the parties decide to seek further appeal to the circuit court. *See Clark v. First State Bank,* 841 F.2d 524 1988 U.S.App. Lexis 3230 (3d Cir.1988) ("[A]lthough the district court may grant leave to appeal from interlocutory orders, no such power is granted to courts of appeals—our jurisdiction is limited to final orders and judgments of the bankruptcy courts and district courts."); *In re Fox,* 762 F.2d 54, 55 (7th Cir.1985).

As discussed above, this court has found that the order of the bankruptcy court was not a final order for § 158(a) purposes because the bankruptcy judge did not make the required Rule 54(b) findings and because the court finds nothing special in the order which mandates treating it differently than similar orders rendered in non-bankruptcy proceedings. For these same reasons, this court declines to grant the Appellants leave to appeal the bankruptcy court's order pursuant to its authority to hear appeals of interlocutory orders of bankruptcy judges.

### CONCLUSION

The appeal of Appellants Huntington Trust Development Company, Inc., Drafting & Construction Services, Inc., Chess Development Co., Inc., Carolyn DePhillips, James L. Popp, Linda Rheedy, and Linda Battle is dismissed.