**In re NATIONAL OFFICE PRODUCTS, INC., Debtor.**

**Matthew J. McGOWAN, Trustee in Bankruptcy for National Office Products, Inc., Plaintiff,**

v.

**GLOBAL INDUSTRIES, INC., Defendant.**

**Civ. A. No. 90–218 L.**

United States District Court, D. Rhode Island.

July 6, 1990.

Strauss, Factor, Hillman & Lopes, Thomas S. Hemmendinger, Providence, R.I., for plaintiff.

Bizar Shustak Martin & Schneider, New York City, Vetter and White, Providence, R.I., for defendant.

## MEMORANDUM AND ORDER

LAGUEUX, District Judge.

In an adversary proceeding filed in the United States Bankruptcy Court, plaintiff-appellee, Matthew J. McGowan, trustee in bankruptcy for National Office Products, Inc. (Trustee), sought to recover $35,000.00 as a preference from Global Industries, Inc. After the bankruptcy court denied Global's motion to dismiss for failure to state a claim, the judge ordered entry of judgment. His clerk entered judgment on the motion. Thereafter, Global filed a Notice of Appeal which the bankruptcy court forwarded to this Court. The Trustee then filed a motion to dismiss the appeal, arguing that Global's appeal from the judge's interlocutory order denying the motion to dismiss is premature. Global counters with the argument that, because the bankruptcy judge ordered judgment entered, Global has an appeal as of right to the district court. This Court must now determine whether the bankruptcy court's denial of Global's motion to dismiss constitutes a "final" order sufficient to trigger Global's appeal as of right to the district court.

### Discussion

Federal law provides two avenues of appeal to district court from bankruptcy court orders. A party has an appeal as of right from final judgments, orders or decrees or an appeal by leave of court from an interlocutory order. *See* 28 U.S.C. § 158(a) (1990). Pursuant to Bankruptcy Rule 8003(c), a district court may treat a premature notice of appeal as a motion for leave to appeal. *See Central Ill. Savings & Loan Ass'n v. Rittenberg Co., Ltd.,* 85 B.R. 473, 479 (N.D.Ill.1988). No other special bankruptcy court rules, however, authorize a bankruptcy court to enter judgment on an interlocutory order to assure a party an immediate appeal.

For purposes of appeals, courts have characterized orders as "final" more liberally in bankruptcy proceedings than in ordinary civil litigation. *In re Looney,* 823 F.2d 788, 790 (4th Cir.), *cert. denied sub nom. Looney v. Grundy Nat'l Bank,* 484 U.S. 977, 108 S.Ct. 488, 98 L.Ed.2d 486 (1987); *In re American Colonial Broadcasting Corp.,* 758 F.2d 794, 801 (1st Cir. 1985). The First Circuit has determined that in bankruptcy cases a "final" order need not dispose of the entire bankruptcy proceeding. *See Tringali v. Hathaway Machinery Co.,* 796 F.2d 553, 558 (1st Cir. 1986). Although in civil litigation an order generally becomes final only when it resolves the entire litigation or when it irrevocably decides the rights of all parties involved, *In re Johns–Manville Corp.,* 824 F.2d 176, 179 (2d Cir.1987); *In re Leibinger–Roberts, Inc.,* 92 B.R. 570, 572 (E.D.N.Y.1988), an order in a bankruptcy proceeding need only "conclusively determine" a "discrete dispute within the larger case." *In re American Colonial Broadcasting Corp., supra,* 758 F.2d at 801; *In re Saco Local Dev. Corp.,* 711 F.2d 441, 444 (1st Cir.1983). When an order, entered or not, resolves only a preliminary matter, it will not constitute a final order for purposes of an appeal. *See In re Leibinger–Roberts, Inc., supra,* 92 B.R. at 572 (considering an order entered by bankruptcy court). The finality requirement represents an attempt to avoid duplicative or piecemeal appeals. *Central Ill. Sav. & Loan, supra,* 85 B.R. at 477.

The First Circuit has described an order denying a motion to dismiss bankruptcy court proceedings as "a common example of what is normally a non-appealable interlocutory order." *In re Empresas Noroeste, Inc.,* 806 F.2d 315, 317 (1st Cir. 1986); *see also Bath Mem. Hosp. v. Maine Health Care Finance Comm'n,* 853 F.2d 1007, 1016 (1st Cir.1988) (denial of motion to dismiss not final). A court's denial of a motion to dismiss does not resolve any portion of the bankruptcy proceeding nor decide any dispositive issue of law. *See In re 405 N. Bedford Dr. Corp.,* 778 F.2d 1374, 1377 (9th Cir.1985). "At most, the bankruptcy court's action ... constituted a first step along the road, an interlocutory order entered in the course of what might ... become a discrete dispute." *In re Martin,* 817 F.2d 175, 178 (1st Cir.1987). In *In re*

*Durensky*, the district court found that a review of a bankruptcy judge's denial of a motion to dismiss would be premature and would result in piecemeal litigation. 377 F.Supp. 798, 806 (N.D.Tex.1974). The Fifth Circuit affirmed the district court's decision, noting that on remand the bankruptcy judge would hear the case on the merits and could better determine at that point whether or not to dismiss the case. *In re Durensky*, 519 F.2d 1024, 1029 (5th Cir. 1975). The court stated that the bankruptcy judge's denial of the motion to dismiss was "inherent[ly] tentativ[e]." *Id.*

■ The bankruptcy court's denial of Global's motion to dismiss represents the antithesis of a "final" order. Rather than disposing of any aspect of the bankruptcy litigation, the court order in question reserved judgment on the parties' rights and the issues of law until the trial on the merits. To grant an appeal now, before any hearing on the merits, would merely delay the litigation and potentially result in piecemeal appeals. Further, denial of Global's motion to dismiss does not interfere with Global's ability to raise claims and defenses. *Cf. In re Empresas Noroeste, supra*, 806 F.2d at 317. If unsuccessful, Global can then appeal the court's disposition. *Id.* Since Global has prematurely appealed the denial of its motion, this Court dismisses its notice of appeal. By doing so, this Court grants plaintiff's motion to dismiss defendant's appeal.

■ This Court will now examine whether it should grant leave to Global to appeal in this instance. When considering whether or not to grant leave to appeal, courts have examined whether "substantial grounds for difference of opinion exist as to the controlling questions of law and [whether] ... an immediate appeal from the order may materially advance the ultimate termination of the litigation." *In re Bertoli*, 58 B.R. 992 (D.N.J.1986), *aff'd*, 812 F.2d 136 (3d Cir.1987); *see also In re Leibinger–Roberts, Inc., supra*, 92 B.R. at 573. In the case at bar, the bankruptcy court did not decide a substantial question of law. By denying the motion to dismiss, the court merely indicated that, by looking at the pleadings in the light most favorable to the plaintiff, it appeared that the plain-

tiff had sufficiently alleged the elements of a preference. Further, as distinguished from *In re Bertoli, supra*, the bankruptcy court's denial of defendant's motion continued, rather than ended, the litigation. *See* 58 B.R. at 992. In *In re Bertoli*, the bankruptcy court dismissed the case, finding that res judicata barred plaintiff's claim. *Id.* The district court granted the motion for leave to appeal because the bankruptcy court's decision terminated the action. *Id.* In the present case, the court's decision assured that plaintiff's claims and defendant's defenses would be heard on the merits. After a hearing on the merits, the bankruptcy court will be in a better position to decide whether or not to dismiss the case. This Court, therefore, denies defendant's motion for leave to appeal the bankruptcy judge's denial of defendant's motion to dismiss.

### Conclusion

Plaintiff's motion to dismiss defendant's appeal from the bankruptcy court's order denying defendant's motion to dismiss for failure to state a cause is hereby granted. Treating this *sua sponte* as a motion for leave to file an appeal, this Court denies defendant's motion for leave to appeal.

*It is so Ordered.*