USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT __________ No. 92-2212 IN RE HILDA SOLTERO HARRINGTON, Debtor, ______ ESTANCIAS LA PONDEROSA DEVELOPMENT CORPORATION, Plaintiff, Appellee, v. HILDA SOLTERO HARRINGTON AND RAFAEL DURAND MANZANAL, Defendants, Appellants. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Carmen C. Cerezo, U.S. District Judge] ___________________ ____________________ Before Torruella, Selya and Cyr, Circuit Judges. ______________ ____________________ Jose Luis Novas-Dueno for appellants. _____________________ Jaime Sifre Rodriguez with whom Luis A. Melendez-Albizu and _______________________ ________________________ S nchez-Betances & Sifre were on brief for appellee. ________________________ ____________________ April 30, 1993 ____________________ CYR, Circuit Judge. After the chapter 11 estate of CYR, Circuit Judge. _____________ Hilda Soltero Harrington recovered judgment in an adversary proceeding against Estancias La Ponderosa Development Corporation (hereinafter "Ponderosa"), Ponderosa filed an untimely notice of appeal and a motion to permit late filing under Bankruptcy Rule 8002(c). The bankruptcy court denied Ponderosa's motion to permit late filing, and, accordingly, declined to docket Ponderosa's notice of appeal. Ponderosa moved for reconsideration, which was denied. Ponderosa then appealed the denial of its motion for reconsideration to the district court. Following a further appeal to this court to clarify the district court's jurisdiction, the district court reversed the bankruptcy court's denial of Ponderosa's motion for reconsideration of the Rule 8002(c) motion, and remanded with directions to docket Ponderosa's original notice of appeal. Appellants now appeal from the district court remand order.1 An appellate order entered by a district court sitting in bankruptcy is not appealable to the court of appeals under 28 U.S.C. 158(d) unless it is "final," i.e., unless it ____ conclusively determines "a discrete dispute within the larger case." See In re G.S.F. Corp., 938 F.2d 1467, 1473 (1st Cir. ___ ___________________ 1991); Tringali v. Hathaway Mach. Co., 796 F.2d 553, 558 (1st ________ ___________________ Cir. 1986); In re American Colonial Broadcasting Co., 758 F.2d __________________________________________ 794, 801 (1st Cir. 1985); see also In re Saco Local Dev. Corp., ___ ____ ____________________________ ____________________ 1Appellants are chapter 11 trustee David Manzanal and chapter 11 debtor Hilda Soltero Harrington. 711 F.2d 441, 445-46 (1st Cir. 1983) ("separable dispute over a creditor's claim or priority"); 9 Collier on Bankruptcy 8001.06 _____________________ (15th ed. 1991). As appellants see it, the district court remand order is "final" because it directs the bankruptcy court to docket Ponderosa's initial notice of appeal despite its untimely filing, thereby resolving the one issue placed in dispute by _____ Ponderosa's appeal from the bankruptcy court's denial of the motion for reconsideration. We disagree with appellants' analysis. We recognize that "'finality' is [to be] given a flexible interpretation in bankruptcy," G.S.F. Corp., 938 F.2d at ____________ 1472-73, where necessary to accommodate concerns unique to the nature of bankruptcy proceedings. See In re Empresas Noroeste, ___ ________________________ Inc., 806 F.2d 315, 316-17 (1st Cir. 1986) (relaxation of ____ "finality" doctrine appropriate in bankruptcy proceedings only on sufficient showing of "special considerations bankruptcy proceedings deserve").2 Nevertheless, a district court remand ____________________ 2As we acknowledged in G.S.F Corp., one such concern is that ___________ "bankruptcy cases typically involve numerous controversies bearing only a slight relationship to each other," G.S.F. Corp., _______ ____ _ ______ ____________ __ ____ _____ ____________ 938 F.2d at 1473 (emphasis added), and extraordinary delay could result if parties whose substantive rights had been fully litigated below were required to await resolution of the entire bankruptcy case before taking an appeal. For example, we have entertained an immediate appeal under 28 U.S.C. 1291 to resolve a dispute over the authority and procedure for appointing a chapter 11 trustee. See In re Plaza de Diego Shopping Ctr., ___ ______________________________________ Inc., 911 F.2d 820, 826 (1st Cir. 1990) (noting that "[i]f an ____ appeal were postponed until a plan of reorganization were con- firmed, there would be no satisfactory way to vindicate the U.S. Trustee's right to appoint, as there is no authority to appoint a new trustee after confirmation" of a chapter 11 plan). On somewhat different grounds, we have permitted immediate appeals from district court orders lifting automatic stays. See ___ 3 order in an intermediate appeal from a judgment entered in an adversary proceeding is not final and appealable under section 158(d) of the Judicial Code, see Fed. R. Civ. P. 54(a), (b); Fed. ___ R. Bankr. P. 7054(a), 9002, 9014, unless it resolves all procedural and substantive issues necessary to conclude the entire appeal.3 Were appellate review available on demand whenever a district court definitively resolved a contested legal _____ issue, without regard to whether the entire adversary proceeding _____ had been resolved, the "finality" rule would be eviscerated. Cf., e.g., American Colonial Broadcasting, 758 F.2d at 801 ("[a]n ___ ____ ______________________________ ____________________ Tringali, 796 F.2d at 557; see also G.S.F. Corp., 938 F.2d at ________ ___ ____ _____________ 1473 (citing In re Chateaugay Corp., 880 F.2d 1509, 1512 (2d Cir. ______________________ 1989)). But see infra note 3. ___ ___ _____ 3An important purpose of the Bankruptcy Reform Act of 1978 was to conform the practice and procedure in Bankruptcy Code cases as near as may be to ordinary civil actions. See, e.g., 28 ___ ____ U.S.C. 158(c); Fed. R. Bankr. P. 7054(a), 8002 & 9002. With that aim in mind, most Federal Rules of Civil Procedure are made directly applicable in certain proceedings in bankruptcy. See, ___ e.g., Fed. R. Bankr. P. 7001-7071 (adversary proceedings), 9014 ____ (contested matters). The Bankruptcy Rules recognize three distinct types of proceedings within a bankruptcy case: adversary proceedings, administrative proceedings, and contested matters. Adversary proceedings are most like ordinary civil actions; contested matters are substantially similar; whereas most administrative proceedings are quite dissimilar to ordinary civil actions. The great similarity between an adversary proceeding in bankruptcy and an ordinary civil action has particular significance in the present context. In the typical adversary proceeding, the "finality" determination closely resembles the finality determination in "an ordinary 'case' [between the parties] in a district court," In re Public Serv. Co., 898 F.2d _______________________ 1, 2 (1st Cir. 1990). Just as an appeal in a civil action normally may not be taken under section 1291 until all claims of all parties to the action have been finally resolved, see Fed. R. ___ Civ. P. 54(b), so too must some special justification be shown for departing from the finality rule relating to adversary proceedings and contested matters, see Fed. R. Bank. P. 7054(a), ___ 9002(1) & 9014. See also supra note 2. ___ ____ _____ 4 order which 'does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken in order to enable the court to adjudicate the cause on the merits,' is considered interlocutory") (quoting In re Merle's, Inc., 481 F.2d 1016 (9th ___________________ Cir. 1973)). The district court remand order contemplated no "signi- ficant further proceedings" before the bankruptcy court; that is, the bankruptcy court's role on remand docketing the late-filed notice of appeal fairly can be characterized as "ministerial." See In re Gould & Eberhardt Gear Mach. Corp., 852 F.2d 26, 29 ___ __________________________________________ (1st Cir. 1988); In re Riggsby, 745 F.2d 1153, 1156 (7th Cir. ______________ 1984)). Moreover, the narrow issue presented by Ponderosa's current appeal to the district court, i.e., the propriety of the _______ ____ bankruptcy court's denial of the Rule 8002(c) motion, has now been decided. Nevertheless, upon the docketing of Ponderosa's original notice of appeal from the judgment of the bankruptcy court, all substantive and procedural claims raised by Ponderosa in its challenge to the merits of the underlying bankruptcy court judgment will remain to be determined in the district court. Should the district court resolve the merits favorably to appellants, the present appeal from the district court remand order "may well [be] obviate[d] . . . ." Bowers v. Connecticut ______ ___________ Nat'l Bank, 847 F.2d 1019, 1023 (2d Cir. 1988); Riggsby, 745 F.2d __________ _______ at 1155-56. Thus, the remand order is not final and appealable under 28 U.S.C. 158(a),(d). See Fed. R. Civ. P. 54(a),(b); ___ 5 Fed. R. Bankr. P. 7054(a), 9001(7), 9002(1), (2),(5). Finally, no cognizable "hardship" or special bankruptcy-related consideration is demonstrated simply by pointing to the time and expense of litigating an intermediate appeal to its conclusion in the district court. See Empresas ___ ________ Noroeste, 806 F.2d at 317; see also In re El San Juan Hotel, 809 ________ ___ ____ _______________________ F.2d 151, 154 (1st Cir. 1987) ("The burden of litigation . . . cannot alone constitute the irreparable harm necessary to warrant appellate jurisdiction over an interlocutory order."). For similar reasons, we reject Harrington's attempts to invoke the "collateral-order" doctrine, see Cohen v. Beneficial Indus. Loan ___ _____ _______________________ Corp., 337 U.S. 541 (1949), and our mandamus jurisdiction, see 28 _____ ___ U.S.C. 1651, neither of which is available unless the challenged interlocutory ruling would result in "irreparable harm" incapable of vindication on appeal from a later judgment. See, e.g., Appeal of Licht & Semonoff, 796 F.2d 564, 571 (1st ___ ____ ___________________________ Cir. 1986) ("collateral order" doctrine requires showing of "irreparable harm"); In re Recticel Foam Corp., 859 F.2d 1000, __________________________ 1006 (1st Cir. 1988) ("irremediable harm," beyond mere burden of extended litigation, necessary for issuance of writ of mandamus). The appeal is dismissed for lack of jurisdiction; costs The appeal is dismissed for lack of jurisdiction; costs _______________________________________________________ to appellee. to appellee. ___________ 6