**In re LAJET, INC., debtor, USA on behalf of Dept. of Energy; and John T. Pender, trustee in bankruptcy of Lajet, Inc., Appellants.**

**In re LAJET, INC., debtor, USA on behalf of Dept. of Energy; and John T. Pender, trustee in bankruptcy of Lajet, Inc., Appellants.**

Civ. A. Nos. 93–3266, 93–3267.

United States District Court,
E.D. Louisiana.

Dec. 16, 1993.

John T. Pender, pro se.

Paul T. Michael, Jeanette Helfrich, U.S. Dept. of Energy, Economic Regulatory Admin., Washington, DC, for U.S., on behalf of U.S. Dept. of Energy.

Harvey C. Koch, Koch & Rouse, New Orleans, LA, William A. Zucker, Gadsby & Hannah, Boston, MA, for Robert Trevisani.

MINUTE ENTRY

DUPLANTIER, District Judge.

Three motions were submitted to the Court without oral argument in the above captioned matters: the Motion of Robert A. Trevisani ["Trevisani"] to Dismiss the appeal of the Department of Energy ["DOE"], CA # 93–3267; the Motions of DOE and the Trustee to Consolidate in both CA # 93–3266 and CA # 93–3267.

Upon review of the briefs of counsel, the record, and the applicable law,

## ORDER

IT IS ORDERED that the Motion of Trevisani to Dismiss DOE's appeal CA # 93–3267 BE and IT IS HEREBY DENIED.

IT IS FURTHER ORDERED that the Motions of DOE and the Trustee to Consolidate CA # 93–3266 with CA # 93–3267 BE and THEY ARE HEREBY GRANTED.

## FACTS

The debtor LAJET, a Texas corporation, owned an oil refinery in Louisiana from 1968 through May 1983 and leased a near-by dock and terminal which had been constructed with funds from Louisiana industrial revenue bonds purchased by four banks and guaranteed by LAJET. In April 1987, LAJET's bank creditors forced it into bankruptcy. On February 22, 1991, the Trustee initiated an adversary proceeding against twelve (12) individual and corporate defendants, including Trevisani, because they allegedly contrived a complex scheme to strip LAJET of its assets before liquidation. DOE intervened in the Trustee's suit because it has a $250 million claim against LAJET for allegedly engaging in sham business transactions to evade federal price controls.

Trevisani moved for summary judgment to dismiss the claims against him. DOE filed a cross motion for summary judgment and sought further discovery from Trevisani. On February 9, 1993, the Bankruptcy Court granted Trevisani's motion for summary judgment and denied DOE's cross motion, effectively dismissing Trevisani from the adversary proceeding. On March 24, 1993, the Bankruptcy Court certified the February judgment as final and appealable under Fed. R.Civ.P. 54(b). The Trustee and DOE moved for reconsideration and asked that the 54(b) judgment be stayed based on newly discovered evidence and the need to conduct more discovery. In conjunction therewith, DOE filed a Motion to Compel production of documents allegedly withheld prior to the summary judgment hearing. On July 29, 1993, the Bankruptcy Court denied the Trustee and DOE's motion for reconsideration. The Trustee and DOE filed timely notices of appeal from the Bankruptcy Court's February 1993 judgment, March 1993 order, and July 1993 order. These three appeals were lodged in this Court as Civil Action 93–3266. On August 11, 1993, the Bankruptcy Court denied DOE's motion to compel. DOE filed a timely notice of appeal from the Bankruptcy Court's August order, Civil Action 93–3267.

MOTION TO DISMISS CA # 93–3267

■ Appellee Trevisani contends that DOE's appeal in CA # 93–3267 should be dismissed because the denial of a motion to compel is an interlocutory order, and DOE failed to obtain leave to appeal under 28 U.S.C. § 158(a). DOE argues that the order denying the motion to compel was either a final order or was appealable as part of the summary judgment. The issue essentially is jurisdictional.

■ DOE's motion to compel was directed only to Trevisani, who had been dismissed from the adversary proceeding in the motion for summary judgment. Considering its prior 54(b) certification of the summary judgment, there was nothing left for the bankruptcy court to do in regard to Trevisani following its denial of DOE's motion to compel. "A 'final decision' generally ... ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). This is consistent with the fact that in bankruptcy "the term 'final order or judgment' is given a somewhat more expansive interpretation than in the ordinary civil case." *In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 407 (E.D.N.Y.1989); *In*

*re National Office Products, Inc.,* 116 B.R. 19, 20 (D.R.I.1990). The order denying the motion to compel was final in the sense that thereafter nothing further was pending against Trevisani.

Furthermore, the motion to compel was filed before the motion to reconsider was decided and relates specifically to the merits of Trevisani's motion for summary judgment. Therefore it is indeed likened to the situation in which a party obtains "review of prejudicial adverse interlocutory rulings upon his appeal from adverse final judgment, at which time the interlocutory rulings (nonreviewable until then) are regarded as merged into the final judgment terminating the action." *Dickinson v. Auto Center Mfg. Co.,* 733 F.2d 1092, 1102 (5th Cir.1983). See also *Wilkinson v. F.B.I.,* 922 F.2d 555, 558 (9th Cir. 1991). The timing of the order in and of itself does not affect its character. Had the bankruptcy court denied DOE's motion to compel before it denied the motion to reconsider, there would have been no question about this Court's jurisdiction to review the order denying the motion to compel.

### LEAVE TO APPEAL

■ As an alternative basis for denying the motion to dismiss the appeal, I grant leave to appeal.

A district court has authority under Bankr. Rule 8003(c) to hear interlocutory matters for which leave to appeal is lacking. "If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court ... may grant leave to appeal or direct that a motion for leave to appeal be filed." *Escondido Mission Village L.P. v. Best Products Co.,* 137 B.R. 114 (D.N.Y.1992). See also 28 U.S.C. § 158. If leave to appeal is required for this Court to review the bankruptcy court order entered August 11, 1993, denying DOE's motion to compel, I hereby grant leave to appeal that order.

### MOTIONS TO CONSOLIDATE CA # 93–3266 WITH CA # 93–3267

■ The Trustee and DOE contend that CA # 93–3266 should be consolidated with CA # 93–3267 because both arise from the same adversary proceeding, have a common procedural background, relate to a single appellee, arise from the same set of operative facts and involve common questions of law and fact. Appellee Trevisani argues that CA # 93–3266 and CA # 93–3267 should not be consolidated because they do not involve identical legal issues.

Bankruptcy appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the court of appeals from the district courts.... " 28 U.S.C. §158(c). Consolidation is discretionary and "appropriate when 'the various legal issues presented by the ... separate appeals arise from the same set of operative facts....'" Fed.R.App.P. 3(b); *Medlin v. Palmer,* 874 F.2d 1085, 1088 (5th Cir.1989). I order the appeals consolidated; CA # 93–3266 and CA # 93–3267 arise from the same set of operative facts.