**In re GOULD & EBERHARDT GEAR MACHINERY CORPORATION, Debtor.**

**Appeal of GOULD & EBERHARDT GEAR MACHINERY CORPORATION.**

No. 87–2081.

United States Court of Appeals, First Circuit.

Heard May 5, 1988.

Decided July 18, 1988.

As Amended Aug. 12, 1988.

Richard J. Innis with whom John D. Sigel, Raymond L. Miolla, Jr., and Hale and Dorr, Boston, Mass., were on brief for appellant.

Jeffrey S. Ogilvie with whom James M. Shannon, Atty. Gen., and Lawrence P. Fletcher–Hill, Asst. Atty. Gen., Boston, Mass., were on brief for appellee Massachusetts Dept. of Revenue.

Linda E. Mosakowski, Tax Div., Dept. of Justice, with whom William S. Rose, Asst. Atty. Gen., Washington, D.C., Frank J. McNamara, Jr., U.S. Atty., Boston, Mass., and Gary R. Allen and Wynette J. Hewett, Tax Div., Dept. of Justice, Washington, D.C., were on brief for appellee U.S.

Before BREYER and TORRUELLA, Circuit Judges, and FUSTE,* District Judge.

TORRUELLA, Circuit Judge.

Debtor-appellant Gould & Eberhardt Gear Machinery Corp. ("Gould") appeals from a district court decision, 80 B.R. 614, reversing a bankruptcy court's confirmation of a reorganization plan filed pursuant to Chapter 11 of the Bankruptcy Code, 69 B.R. 944. Because we find that we lack jurisdiction on this matter, we dismiss Gould's appeal.

In order to explain the posture of this appeal, we must outline the history of the proceedings below. Then we will analyze the jurisdictional statute applicable to this case.

BACKGROUND

The pertinent facts are as follows. In 1982 the debtor filed for relief under Chapter.

* Of the District of Puerto Rico, sitting by designa-

ter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts. From 1982 to 1986 the debtor failed to pay on a current basis taxes owed to the United States and to the Commonwealth of Massachusetts. The treasury departments of both governments agreed to withhold any action until the filing of the reorganization plan, which occurred in October 1986.

The plan provided for payment of all taxes due, over a period of two years. Under the plan the debtor would be relieved of paying both penalties and interest on the taxes owed. Both tax authorities objected to the plan, on the grounds that all taxes, and interest and penalties thereon, were administrative expenses under section 503(b)(1)(B) of the Bankruptcy Code. As administrative expenses, both authorities claimed, interest and penalties resulting from late payment of the taxes were entitled to first priority under section 507(a)(1) of the Bankruptcy Code.

The bankruptcy court agreed that taxes and penalties had to be paid immediately upon confirmation of the plan. It concluded, however, that interest was not part of the debt. The reorganization plan was confirmed on this basis.

Both taxing authorities appealed to the United States District Court for the District of Massachusetts. The district court found that interest on the taxes owed was a part in equal standing of that debt, thus reversing the bankruptcy court.

The debtor filed the present appeal, questioning the status of interest on unpaid, post-petition taxes. Before addressing the merits of the appeal the Commonwealth of Massachusetts moved to dismiss the appeal on jurisdictional grounds. The jurisdictional issue is whether this is an appeal from an appealable "final order" under 28 U.S.C. § 158(d).[1] We deferred consideration of that issue until the merits of the case were briefed and argued.

At oral argument we urged the parties to stipulate whether any issues were still actually in dispute and, if any were still in dispute, to describe the issue for this court. One issue remains, namely, whether the Commonwealth is entitled to pre-judgment, post-confirmation interest. The presence of that issue precludes the jurisdiction of this court.

## JURISDICTION

■ The problem before this court is that a district court, exercising its appellate jurisdiction over a bankruptcy court, reversed a "final" bankruptcy court order—undoing the finality of the prior order. "Section 158(d) makes clear [that] our jurisdiction is limited to appeals from *final* judgments, orders, and decrees of the district courts." *In re Giles World Marketing, Inc. v. Boekamp Mfg., Inc.*, 787 F.2d 746, 748 (1st Cir.1986). But "final" is a pregnant word. We stated in *Giles:*

> We need not address the question whether, under section 158(d), it might be appropriate in certain circumstances to assess finality with regard to the judgment, order, or decree of the bankruptcy court, because the district court's action here was in full accord with that of the bankruptcy court. Where a bankruptcy court issues a final judgment, order, or decree that is subsequently reversed on appeal to the district court, the courts are divided as to whether finality is to be measured with regard to the non-final order of the district court or the final order of the bankruptcy court. *See In re Commercial Contractors, Inc.*, 771 F.2d 1373, 1374–75 (10th Cir.1985) (discussing split in the circuits).

*Id.* at n. 1. Such is the question we now face, which may be reformulated as: what

---

1. **§ 158. Appeals**
   (a) The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

   \* \* \* \* \* \*

   (d) The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) and (b) of this section.

is a "final decision, judgment, order or decree" for purposes of § 158(d)?

Whether a district court opinion remanding a case to bankruptcy court is a final order has been the subject of a fairly extensive debate.

> More difficult questions arise when the district court, hearing an appeal from a final order of the bankruptcy court, remands to that court for further action. There are both intra-circuit and inter-circuit disputes on this issue, leaving it hopelessly unresolved. One view has it that, when the bankruptcy court has issued a final order, and the district court issues an order affirming or reversing, the district court's order is also final. The contrary view is that the district court's decision is not final if it remands the matter back to the bankruptcy judge for "significant further proceedings."

I Collier on Bankruptcy ¶ 3.03[b] (L. King, ed. 15th ed. 1987) (footnotes omitted); *see In re Commercial Contractors, Inc.*, 771 F.2d 1373, 1374-75 (10th Cir.1985) and cases cited therein. We are convinced of the soundness of the second approach, which bases finality on the practical judgment of what remains to be done.

Judge Posner explained the policy reasons for determining the non-finality of district court orders remanding cases to bankruptcy court:

> Because most proceedings before bankruptcy judges are summary, remands usually take little time to complete and it is therefore more efficient to wait till the bankruptcy judge is finished with the case—not necessarily with the bankruptcy, since a single bankruptcy can give rise to numerous claims which are litigable to final judgments appealable while the bankruptcy proceeding is still going on—before bringing up the case to the court of appeals. If a district judge remanded a case for further proceedings that would take a week to complete, and the remand order was appealable and was upheld on appeal, a year or

> more might elapse before the proceedings on remand were concluded. Yet if those proceedings had been conducted without this interruption, then, depending on their outcome, there might be no appeal at all, and in any event there would be no chance of two appeals—one from the order of remand and the other from whatever order the district judge entered on appeal from the bankruptcy judge's final decision following remand.

*In re Riggsby*, 745 F.2d 1153, 1155-56 (7th Cir.1984) (citation omitted).[2]

We also agree with Judge Posner's analogy to administrative proceedings, where a remand for further agency proceedings is not considered an appealable final order. *In re Riggsby*, 745 F.2d at 1156 and cases cited therein.

Thus we answer the query that remained in *In re Giles*: when a district court remands a matter to the bankruptcy court for significant further proceedings, there is no final order for purposes of § 158(d) and the court of appeals lacks jurisdiction. When a remand leaves only ministerial proceedings, for example, computation of amounts according to established formulae, then the remand may be considered final.

█ In the case before us the district court opinion opened the issue of whether the Commonwealth is entitled to post-confirmation, pre-judgment interest. This issue was not addressed by the bankruptcy court because it found that the Commonwealth was not entitled to any interest. The resolution of that issue will require further briefing by the parties and may change the whole stance of the case, since Gould claims that ordering payment of interest might force it to liquidate its assets. Significant further proceedings are yet to follow.

Having found that the district court opinion was not final, we have no jurisdiction of the appeal, and it is therefore *dismissed.*

---

2. The Third Circuit, however, has taken the position that "final" means that an order leaves nothing pending before the tribunal that made it. *In re Marin Motor Oil, Inc.*, 689 F.2d 445, 448 (1982). Although this is a plausible interpretation, we find much more convincing the approach described in *In re Riggsby* and *In re Commercial Contractors.*