In re M.S.V., INC., Martin Specialty Vehicles, Inc., Debtors.

M.S.V., INC., Plaintiff, Appellant,

v.

BANK OF BOSTON—WESTERN MASSACHUSETTS, N.A., Defendant, Appellee.

No. 89-1341.

United States Court of Appeals, First Circuit.

Heard Nov. 6, 1989.
Decided Dec. 15, 1989.

David M. Nickless, with whom Nickless and Phillips, Fitchburg, Mass., was on brief, for plaintiff, appellant.

Francis H. Fox with whom Lawrence S. Buonomo, Bingham, Dana & Gould, Boston, Mass., Maurice M. Cahillane and Egan Flanagan & Egan, P.C., Springfield, Mass., were on brief, for defendant, appellee.

Before BREYER, Circuit Judge,
VAN GRAAFEILAND,* Senior Circuit Judge, and SELYA, Circuit Judge.

BREYER, Circuit Judge.

M.S.V., Inc., the appellant, borrowed money from the appellee, the Bank of Boston. It gave the Bank a secured interest in company assets as collateral. In early 1986 the Bank foreclosed, seized the collateral, sold it, and eventually placed the proceeds—about $20,000—in escrow. M.S.V. filed for Chapter 11 bankruptcy, sued the Bank in state court, and brought a similar suit in federal bankruptcy court. It basically claimed that the Bank, in foreclosing, broke its contract and violated a host of state tort and unfair business practice laws; it also asked the federal bankruptcy court to order the Bank to turn over the $20,000 collateral proceeds, which, it said, belonged to it. The bankruptcy court decided it lacked jurisdiction to hear most of the state claims, but it heard the "breach of contract" claim and awarded M.S.V. about $560,000 in damages.

The Bank appealed the $560,000 award to the federal district court. 97 B.R. 721 (1989). 28 U.S.C. § 158(a). That court noted that the damage award rested upon a state law (breach of contract) cause of action that arose before M.S.V.'s bankruptcy; it found that the Bank had not consented to

* Of the Second Circuit, sitting by designation.

**6**

the bankruptcy court hearing that claim; and it held that the bankruptcy court therefore lacked jurisdiction to award the damages. *See In re Arnold Print Works, Inc.,* 815 F.2d 165, 167 (1st Cir.1987) (state law claims arising prior to bankruptcy filing are typically "non-core" proceedings that a bankruptcy court can hear only with the parties' consent). M.S.V. now appeals this district court determination to us.

■ We must dismiss this appeal because the district court order from which M.S.V. appeals is not "final." 28 U.S.C. § 158(d); 28 U.S.C. § 1291. The district court order remands the case to the bankruptcy court, and the parties have stipulated that the bankruptcy court must now decide at least two related matters:

1) whether the Bank or M.S.V. is entitled to the $20,000 proceeds from the sale of the collateral, and

2) whether the Bank's claim against M.S.V. should be equitably subordinated to the claims of other M.S.V. creditors. *See* 11 U.S.C. § 510(c).

These further matters are part of, or closely related to, M.S.V.'s basic dispute with the Bank; they do not involve the totally unrelated claim of some other creditor to M.S.V. assets; and they require significantly more than simply "ministerial" bankruptcy court activity. Thus, prior case law in this circuit makes clear that M.S.V. cannot now appeal. *See In re Saco Local Development Corp.,* 711 F.2d 441, 445–46 (1st Cir.1983) ("a 'proceeding' within a bankruptcy case," not the entire case, is "the relevant 'judicial unit' for purposes of finality;" judgment is "final" when it "conclusively determines [such] a separable dispute over a creditor's claim or priority"); *Tringali v. Hathaway Machinery Co.,* 796 F.2d 553, 558 (1st Cir.1986) (same); *In re American Colonial Broadcasting Corp.,* 758 F.2d 794, 801 (1st Cir.1985) (same); *In re Gould & Eberhardt Gear Machinery Corp.,* 852 F.2d 26, 29 (1st Cir.1988) (district court determination in respect to such a separable dispute is not "final" when the court remands the case for "further proceedings" that are "significant" and not "only ministerial"). The district court determination about the $562,000 damage award is not appealable as a "collateral" order under *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), because it is neither "completely separate from the merits" of M.S.V.'s bankruptcy court action against the Bank, nor "effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978).

■ M.S.V. also asks us to order the district court to assess sanctions against the Bank for having filed a district court brief of maximum permitted length (50 pages), but which contained "eighty-five lineal inches of single spaced footnotes and no true statement of facts." We agree with the Bank that whether or not to assess such sanctions is a matter for the district court. We also note, however, that the Bank (after obtaining permission) filed an overly long (sixty instead of fifty) page brief in this court. Having studied that brief, we can find no reason for its unusual length; indeed, despite that length it failed to explain clearly to us just what had happened in the courts below. We have learned, through experience, that it is typically the *shorter* briefs that are the most helpful, perhaps because the discipline of compression forces the parties to explain clearly and succinctly what has happened, the precise legal issue, and just why they believe the law supports them. Be that as it may, we believe it appropriate to discourage the filing of excessively lengthy briefs in this court. Although it is difficult to determine whether length is excessive before we hear a case, we have a more educated view thereafter. Consequently, whether or not we grant permission to file an overly long brief, we may assess special costs if we subsequently conclude that the extra length was unnecessary and did not help. Since M.S.V.'s request for sanctions and the district court's adverse comments should have alerted the Bank's counsel to his briefing problem, we shall assess double costs in this case against the Bank.

*Appeal dismissed without prejudice.*