697

In the Matter of COLONIAL
MORTGAGE BANKERS
CORP., Debtor.

Hans Lopez STUBBE, Trustee of
Colonial Mortgage Bankers,
Plaintiff–Appellant,

v.

BANCO FINANCIERO DE PUERTO
RICO, Defendant–Appellee.

Civ. No. 91–1733 (JAF).
Bankruptcy No. 87–03026 (ESL).
Adv. No. 89–0016 (ESL).

United States District Court,
D. Puerto Rico.

Oct. 18, 1991.

David P. Freedman, O'Neill & Borges,
San Juan, P.R., for Trustee.

Juan Carlos Pou, Carlos R. Rios Gautier
Law Offices, San Juan, P.R., for Banco
Financiero.

### REMAND ORDER

FUSTE, District Judge.

This adversary proceeding arises out of
the Chapter 11 reorganization of debtor
Colonial Mortgage Bankers Corp. ("Colonial"). Appellant Trustee of Colonial, Hans
López Stubbe ("trustee"), appeals from an
order of the United States Bankruptcy
Court for the District of Puerto Rico denying appellant's motion for partial summary
judgment. Before the court is appellee
Banco Financiero de Puerto Rico's ("Banco") motion for summary dismissal of the

appeal arguing that the bankruptcy court's opinion and order does not constitute a final order subject to appeal at this time. Because we agree with appellee that the appeal is premature, we remand to the bankruptcy court for further proceedings.

## I.

### *Factual and Procedural Background*

The bankruptcy court's Findings of Fact were agreed upon by the parties and provide the background for our decision.

On December 18, 1980, Bajura Development Corporation ("Bajura") executed a mortgage note to the order of Lincoln Financial Mortgagees, Inc. ("Lincoln"), the predecessor of Colonial, for the sum of $1,700,000. The note had a due date of December 1, 1985. On the same date, Bajura guaranteed the note through a mortgage over a property in Manatí, Puerto Rico known as "Los Rosales".

By October 19, 1984, Bajura's debt on the note had been reduced to $553,170.66. On that date, Bajura transferred to Colonial (as Lincoln's successor) title, interest and encumbrances of the Los Rosales property as payment in kind for the remaining debt. Both the original mortgage and the transfer of property were recorded in deeds. As to the latter deed, Deed No. 237, Banco was also a party to the deed and had approved the payment in kind.

At the same time Banco released Bajura and its guarantors of any personal obligation on the note. Colonial confirmed its responsibilities towards Banco with relation to the pledge of the note. As the deed expressed, Banco was subrogated in all of the rights and obligations of Bajura arising from the note. Also in Deed No. 237 it was noted that, at the time of this transaction, Banco was the holder of the mortgage note subscribed to by Bajura pursuant to a pledge between Colonial and Banco.

On July 30, 1986, the president of Colonial, Milton Rúa, executed a pledge agreement with Banco in which he repledged the note for $1,700,000 payable on demand and due on December 1, 1985. The reason for the repledging was to secure all debts that Colonial owed Banco at the time, as well as to provide security for a $495,000 commercial loan granted to Colonial by Banco which was executed by the parties on the same date as the repledging. Subsequently, the $495,000 were credited to Colonial's account and appeared in its financial statements for the years ending 1985 and 1986.

After Colonial filed for Chapter 11 reorganization, appellant trustee commenced this adverse proceeding seeking, *inter alia,* avoidance of the lien on the Los Rosales property. First, he argued that the execution of the 1986 pledge agreement by Rúa in favor of Banco was not authorized by the corporation and, therefore, remains unperfected and is consequently avoidable by the trustee. Second, the trustee claimed that the debt secured by the property was paid in full and, thus, the mortgage, as an accessory obligation to the note, was extinguished as well. Appellant also argued that, should the bankruptcy court find that a valid lien existed over the Los Rosales property, the principle of equitable subordination would bar the bank from enforcing it. As to this latter issue, appellant argues that this remained an issue for trial.

The bankruptcy court concluded that the unauthorized acts by the president of Colonial were ratified by the corporation when it accepted the benefits of the agreement. The court also ruled that the obligation underlying the mortgage note was not satisfied when Bajura transferred the encumbered property to the original holder, Colonial, as payment in kind where the latter subsequently negotiated it and where the holder of the note at the time of transference, Banco, approved Bajura's release. The court concluded that Banco held a valid lien over the Los Rosales property. Finally, the court noted that it limited its decision to determining whether a valid lien existed and that an evidentiary hearing would have to be held to determine whether Banco engaged in misconduct which might result in the application of the principle of equitable subordination.

## II.

### *Discussion*

■ Section 158 of Title 28, U.S.Code, vests in district courts the "jurisdiction to

hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings." In the bankruptcy context, an "order need not dispose of all aspects of a case in order to be final; an order which disposes of a 'discrete dispute within the larger case' will be considered final and appealable." *In re American Colonial Broadcasting Corp.*, 758 F.2d 794, 801 (1st Cir.1985); *In re Plaza de Diego Shopping Center, Inc.*, 911 F.2d 820, 825–26 (1st Cir. 1990); *In re M.S.V., Inc.*, 892 F.2d 5, 6 (1st Cir.1989) (where further matters to be decided by bankruptcy court "are part of, or closely related to" dispute; "do not involve totally unrelated claims," and "require significantly more than simply 'ministerial' bankruptcy activity," no appeal lies); *Tringali v. Hathaway Machinery Co.*, 796 F.2d 553, 557–58 (1st Cir.1986); *In re Saco Local Development Corp.*, 711 F.2d 441, 444 (1st Cir.1983); *In re Emerald Oil Company*, 694 F.2d 88, 89 (5th Cir.1982) (not a final judgment, order or decree where "there was no final determination of the rights of the parties to secure the relief they seek in the suit"). As the First Circuit has clarified, the bankruptcy court's order must "conclusively determine" the dispute, *In re Saco*, 711 F.2d at 445–46, and will be considered interlocutory where "further steps [must] be taken in order to enable the court to adjudicate the cause on the merits." *American Colonial*, 758 F.2d at 801 (quoting *In re Merle's, Inc.*, 481 F.2d 1016 (9th Cir.1973)).

■ Examining the facts of this case and the bankruptcy court's order, it is clear that this is not a "final order" from which an appeal can be taken. The basic dispute between the parties relates to whether the trustee of the debtor corporation can avoid certain obligations owed to one of its creditors. While the court has ruled that the lien over the property is valid, it has yet to determine whether the principle of equitable subordination might apply to bar Banco's enforcement of the lien. The

rights of the parties have not yet been finally determined. This determination is clearly more than ministerial and requires further determinations by the bankruptcy court. Given these facts, the court's order is not final and this appeal cannot lie.

Nor does the bankruptcy court's order fall within either of the two established exceptions to the final judgment rule whereby interlocutory orders are eligible for review as collateral orders. *See Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *Forgay v. Conrad*, 47 U.S. (6 How.) 201, 12 L.Ed. 404 (1848); *American Colonial*, 758 F.2d at 803.

■ As to the *Cohen* exception, the four requisites for invoking this doctrine "may be summarized as separability, finality, urgency, and importance." *In re Continental Invest. Corp.*, 637 F.2d 1, 5 (1st Cir. 1980). Here, the issue of equitable subordination is intimately linked to the enforcement of the lien. Therefore, there is no separability of the issues on appeal from the merits of the dispute. Further, the appeal relates to only two of eleven causes of actions between the parties. Whether we decide the issues or not at this juncture, the case will have to be remanded to the bankruptcy court in order to resolve the remaining causes of action. Such piecemeal litigation should normally be avoided. Nor would our determination of the issues on appeal, without ruling on the equitable subordination issue, conclusively conclude the dispute even as to these issues. Also, the rights which appellant seeks to vindicate on appeal, the determination of the effect of unauthorized corporate acts and the effect of the transfer of the note, can be reviewed equally well once the bankruptcy court has conclusively adjudicated the merits of the dispute. Finally, while the legal issues may, in fact, be important and unsettled,[1] the other *Cohen* factors strongly favor remand.

---

1. Since the parties have not briefed the issue, we make no ruling as to the fourth *Cohen* element.

**700**

Under the *Forgay–Conrad* exception, the party seeking appellate review must show "the possibility of irreparable injury ... if appellate review is delayed until the litigation is over." *American Colonial*, 758 F.2d at 803. No irreparable injury is present here. The court has not yet ordered the enforcement of the lien nor even determined Banco's ultimate right to enforce it. Under such circumstances, this collateral order exception does not apply.

Therefore, even if we were to treat the bankruptcy court's ruling as an interlocutory order, it would not be subject to immediate review under one of the established exceptions.

See also 131 B.R. 260.

### III.

*Conclusion*

Because we find that this court has no jurisdiction to hear an appeal at this time, we REMAND this proceeding to the bankruptcy court for further proceedings.

IT IS SO ORDERED.