985 F.2d 552
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Harold F. CHORNEY, Appellant,
v.
EASTLAND BANK, Appellee.
 Nos. 92-1780, 92-1781, 92-1782.
 United States Court of Appeals,
First Circuit.
 February 5, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND
 Harold F. Chorney on brief pro se.
 Michael A. Silverstein, Sheryl Serreze, Michelle A. Ruberto and Hinckley, Allen, Snyder & Comen on Memorandum of Law in Support of Motion for Summary Affirmance for appellee.
 D.R.I.
 DISMISSED.
 Before Breyer, Chief Judge, Torruella and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 We have consolidated three appeals from adverse orders in a bankruptcy proceeding in which the debtor is Cumberland Investment Corporation. Appellant, Harold Chorney, was a principal of the debtor. Appellee, Eastland Bank ("Eastland") is the principal secured creditor.
 
 
 2
 One appeal challenges the bankruptcy court's order of January 17, 1991, denying Chorney's demand for a jury in a civil contempt action. Another appeal challenges the bankruptcy court's July 3, 1991 denial of Chorney's motion to hold the examiner in contempt. The third appeal challenges the bankruptcy judge's August 14, 1991 denial of Chorney's motion that the judge disqualify himself from the case.
 
 
 3
 The district court granted leave to appeal pursuant to its discretion to do so under 28 U.S.C. § 158(a). It affirmed all three bankruptcy court orders, and this appeal followed.
 
 
 4
 Although the parties have not raised the issue, "this court has an obligation to inquire sua sponte into its subject matter jurisdiction." In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988). Finding no jurisdiction over these interlocutory appeals, we must dismiss.
 
 
 5
 Appeal to this court of interlocutory orders in bankruptcy is not permitted by § 158, which grants to courts of appeals jurisdiction only over appeals from final decisions, orders, and decrees. 28 U.S.C. § 158(d); see In re American Colonial Broadcasting Corp., 758 F.2d 794, 800 (1st Cir. 1985). Because of the flexible interpretation accorded "finality" in bankruptcy cases, this court has not ruled out the possibility that a unique case might arise in which a district court's appellate decision under § 158(a) might be final for purposes of appeal to this court under § 158(d), despite the interlocutory nature of the underlying bankruptcy order. See In re G.S.F. Corp., 938 F.2d 1467, 1473 (1st Cir. 1991). But this is not such an unusual case.
 
 
 6
 The orders challenged here involved interim procedural steps affecting only the manner in which further proceedings on the merits would be conducted. They did not conclusively determine a "separable dispute over a creditor's claim or priority," nor leave only "ministerial" tasks to be accomplished in any separable judicial unit or proceeding. In re Saco Local Dev. Corp., 711 F.2d 441, 445-46 (1st Cir. 1983); see also Tringali v. Hathaway Mach. Co., 796 F.2d 553 (1st Cir. 1986). Nor did the district court's orders terminate the federal courts' involvement in the entire case, or any significant aspect of it. In re G.S.F. Corp., 938 F.2d at 1473. And, based on the partial record supplied by appellant, these orders are not appealable "collateral orders" under the doctrine announced in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). There do not appear to be any "important and unsettled questions of controlling law", nor are the orders "effectively unreviewable" on appeal from a final judgment. United States v. Sorren, 605 F.2d 1211, 1213 (1st Cir. 1979); see also In re M.S.V., Inc., 892 F.2d 5, 7 (1st Cir. 1989) (quoting from Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978)).
 
 
 7
 The Supreme Court recently concluded that 28 U.S.C. § 158 is not the exclusive provision governing bankruptcy appellate jurisdiction. In Connecticut Nat'l Bank v. Germain, 503 U.S., 112 S. Ct. 1146 (1992), the Court held that following appeal from an interlocutory bankruptcy order to the district court under § 158(a), further discretionary review might then be sought in the court of appeals under 28 U.S.C. § 1292(b). However, this avenue, too, is closed to appellant, as § 1292(b) grants discretionary jurisdiction to the court of appeals only if the district court certifies that the case involves "a controlling question of law as to which there is a substantial ground for difference of opinion," and an immediate resolution by appeal may "materially advance" the ultimate termination of the litigation. Although appellant's failure to expressly seek such a certificate here might be held to be a waiver, we need not decide that question, for contrary to the allowance in § 1292(b), the district court expressly determined that the only legal issues raised were simple, and easily disposed of on the merits.[1] Finally, as it appears that there are available adequate alternative appellate processes, we have no occasion consider these appeals under the All Writs Act, 28 U.S.C. § 1651.
 
 
 8
 For the foregoing reasons, these appeals are dismissed without prejudice. Since we have no jurisdiction, we also deny appellant's motion to supplement the record with new evidence. Appellee's request for costs and sanctions is denied.
 
 
 
 [1]
 Unlike 28 U.S.C. § 1292(b), § 158(a) does not set forth express standards to guide the district court's grant of leave to appeal from an interlocutory bankruptcy order to thedistrict court. In the absence of an express certification under § 1292(b), then, we would not ordinarily be in a position to conclude that a district court's grant of leave to take a first stage appeal under § 158(a), necessarily included consideration of the issues relevant to a § 1292(b) certificate. In this case, the district court's articulated reasons for granting leave under § 158(a) included findings opposed to those required for issuance of a § 1292(b) certificate, and so we need not reach the further issue whether appellant's failure to seek the certificate effectively waived his right to do so