February 5, 1993
[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

Nos. 92-1780
92-1781
92-1782

HAROLD F. CHORNEY,

Appellant,

v.

EASTLAND BANK,

Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Raymond J. Pettine, Senior U.S. District Judge]

Before

Breyer, Chief Judge,

Torruella and Cyr, Circuit Judges.

Harold F. Chorney on brief pro se.

Michael A. Silverstein, Sheryl Serreze, Michelle A. Ruberto

and Hinckley, Allen, Snyder & Comen on Memorandum of Law in

Support of Motion for Summary Affirmance for appellee.

Per Curiam. We have consolidated three appeals from

adverse orders in a bankruptcy proceeding in which the debtor

is Cumberland Investment Corporation. Appellant, Harold

Chorney, was a principal of the debtor. Appellee, Eastland

Bank ("Eastland") is the principal secured creditor.

One appeal challenges the bankruptcy court's order of

January 17, 1991, denying Chorney's demand for a jury in a

civil contempt action. Another appeal challenges the

bankruptcy court's July 3, 1991 denial of Chorney's motion to

hold the examiner in contempt. The third appeal challenges

the bankruptcy judge's August 14, 1991 denial of Chorney's

motion that the judge disqualify himself from the case.

The district court granted leave to appeal pursuant to

its discretion to do so under 28 U.S.C. 158(a). It

affirmed all three bankruptcy court orders, and this appeal

followed.

Although the parties have not raised the issue, "this

court has an obligation to inquire sua sponte into its

subject matter jurisdiction." In re Recticel Foam Corp., 859

F.2d 1000, 1002 (1st Cir. 1988). Finding no jurisdiction

over these interlocutory appeals, we must dismiss.

Appeal to this court of interlocutory orders in

bankruptcy is not permitted by 158, which grants to courts

of appeals jurisdiction only over appeals from final

decisions, orders, and decrees. 28 U.S.C. 158(d); see In

re American Colonial Broadcasting Corp., 758 F.2d 794, 800

(1st Cir. 1985). Because of the flexible interpretation

accorded "finality" in bankruptcy cases, this court has not

ruled out the possibility that a unique case might arise in

which a district court's appellate decision under 158(a)

might be final for purposes of appeal to this court under

158(d), despite the interlocutory nature of the underlying

bankruptcy order. See In re G.S.F. Corp., 938 F.2d 1467,

1473 (1st Cir. 1991). But this is not such an unusual case.

The orders challenged here involved interim procedural

steps affecting only the manner in which further proceedings

on the merits would be conducted. They did not conclusively

determine a "separable dispute over a creditor's claim or

priority," nor leave only "ministerial" tasks to be

accomplished in any separable judicial unit or proceeding.

In re Saco Local Dev. Corp., 711 F.2d 441, 445-46 (1st Cir.

1983); see also Tringali v. Hathaway Mach. Co., 796 F.2d 553

(1st Cir. 1986). Nor did the district court's orders

terminate the federal courts' involvement in the entire case,

or any significant aspect of it. In re G.S.F. Corp., 938

F.2d at 1473. And, based on the partial record supplied by

appellant, these orders are not appealable "collateral

orders" under the doctrine announced in Cohen v. Beneficial

Industrial Loan Corp., 337 U.S. 541 (1949). There do not

appear to be any "important and unsettled questions of

-3-

controlling law", nor are the orders "effectively

unreviewable" on appeal from a final judgment. United States

v. Sorren, 605 F.2d 1211, 1213 (1st Cir. 1979); see also In

re M.S.V., Inc., 892 F.2d 5, 7 (1st Cir. 1989) (quoting from

Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978)).

The Supreme Court recently concluded that 28 U.S.C.

158 is not the exclusive provision governing bankruptcy

appellate jurisdiction. In Connecticut Nat'l Bank v.

Germain, 503 U.S. , 112 S. Ct. 1146 (1992), the Court held

that following appeal from an interlocutory bankruptcy order

to the district court under 158(a), further discretionary

review might then be sought in the court of appeals under 28

U.S.C. 1292(b). However, this avenue, too, is closed to

appellant, as 1292(b) grants discretionary jurisdiction to

the court of appeals only if the district court certifies

that the case involves "a controlling question of law as to

which there is a substantial ground for difference of

opinion," and an immediate resolution by appeal may

"materially advance" the ultimate termination of the

litigation. Although appellant's failure to expressly seek

such a certificate here might be held to be a waiver, we need

not decide that question, for contrary to the allowance in

1292(b), the district court expressly determined that the

only legal issues raised were simple, and easily disposed of

-4-

on the merits.1 Finally, as it appears that there are

available adequate alternative appellate processes, we have

no occasion consider these appeals under the All Writs Act,

28 U.S.C. 1651.

For the foregoing reasons, these appeals are dismissed

without prejudice. Since we have no jurisdiction, we also

deny appellant's motion to supplement the record with new

evidence. Appellee's request for costs and sanctions is

denied.

1. Unlike 28 U.S.C. 1292(b), 158(a) does not set forth
express standards to guide the district court's grant of
leave to appeal from an interlocutory bankruptcy order to the
district court. In the absence of an express certification
under 1292(b), then, we would not ordinarily be in a
position to conclude that a district court's grant of leave
to take a first stage appeal under 158(a), necessarily
included consideration of the issues relevant to a 1292(b)
certificate. In this case, the district court's articulated
reasons for granting leave under 158(a) included findings
opposed to those required for issuance of a 1292(b)
certificate, and so we need not reach the further issue
whether appellant's failure to seek the certificate
effectively waived his right to do so.

-5-