Aaron H. WATMAN, Debtor.

Aaron H. Watman,
Defendant/Appellant,

v.

Lawrence Groman, Plaintiff/Appellee.

BAP No. MW 02–079.
Bankruptcy No. 99–41823–JBR.
Adversary No. 99–4240–JBR.

United States Bankruptcy Appellate Panel of the First Circuit.

Feb. 2, 2004.

Peter J. Haley, Leslie F. Su, Boston, MA, on brief for Appellant.

Joseph S.U. Bodoff, Boston, MA, on brief for Appellee.

Before LAMOUTTE, DE JESUS and VAUGHN, U.S. Bankruptcy Appellate Panel Judges.

LAMOUTTE, Bankruptcy Judge.

Subsequent to this Panel's decision of December 29, 2003, reversing the bankruptcy court and remanding the case for further proceedings consistent with the mandate of the court of appeals, the appellee, Lawrence Groman, filed a motion to amend the panel's judgment to certify questions for appeal pursuant to 28 U.S.C. § 1292(b). In the decision that was on review before the panel, the bankruptcy court granted Groman's objection to Watman's discharge under 11 U.S.C. § 727(a)(7), but denied the objection to discharge under § 727(a)(2).

Groman asks the panel to certify three questions to the court of appeals, aimed at clarifying what the court of appeals' mandate required of the bankruptcy court on remand:

1. Whether the court of appeals' mandate required the bankruptcy court to specifically identify each transferred asset and quantify the going concern value;

2. Whether the court of appeals' mandate required the bankruptcy court to make specific findings concerning the property available to the trustee for liquidation; and

3. Whether the court of appeals' mandate required the bankruptcy court to issue detailed, written findings on each of the indicia of fraudulent intent.

Watman filed an objection to the motion to amend judgment. He argues that a bankruptcy appellate panel does not have authority to certify questions to the court of appeals pursuant to § 1292(b) for the purpose of interlocutory appeal; rather, only a district court may do so. He further argues that even if the Panel could certify the question to the court of appeals, it should not do so in this case.

For the reasons set forth below, the Panel denies Groman's request to amend its judgment to certify questions to the First Circuit Court of Appeals pursuant to 28 U.S.C. § 1292(b).

### Discussion

The issues of whether a decision by a district court or a bankruptcy appellate panel, which reverses and remands back to the lower court, is interlocutory or final, as well as the availability of appellate review of such a decision, have been the topic of much discussion and controversy among the circuit courts of appeals. These issues arise because of the structure of the bankruptcy appellate system, which provides for appeals from the bankruptcy court to the district court or the bankruptcy appellate panel, and then provides for further appeal from those courts to the circuit courts of appeal.

*Finality of a Bankruptcy Appellate Panel Decision*

Under 28 U.S.C. § 158(d), a circuit court of appeals may only review a final order of

a district court or a bankruptcy appellate panel. That section provides that "[t]he courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) and (b) of this section." Subsection (a) provides that district courts may hear appeals from final judgments and interlocutory orders and decrees (with leave of the court), while subsection (b) provides for the creation of bankruptcy appellate panels, which may hear appeals allowed under subsection (a).

 In non-bankruptcy proceedings, 28 U.S.C. § 1291 gives the circuit courts of appeal jurisdiction over all final decisions of the district courts. The policies underlying this requirement include (1) emphasizing the trial judge's role as the initial decider of law and fact, (2) conservation of judicial resources, (3) determining issues on appeal on a full, rather than partial, record, (4) avoiding the loss of evidence, (5) preserving the court's and counsel's familiarity with the case, and (6) preventing parties with substantial resources from harassing an opponent. Mitzel, "When is an Order Final? A Result–Oriented Approach to the Finality Requirement for Bankruptcy Appeals to Federal Circuit Court", 74 Minn. L.Rev. 1337, 1341 (June, 1990). Although a final order is traditionally defined as one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment, Congress and the courts have developed pragmatic exceptions to the finality requirements. *Id.* Statutory exceptions are found in 28 U.S.C. § 1292(a) and Fed.R.Civ.P. 54(b); examples of judicially created exceptions include *Forgay v. Conrad,* 47 U.S. 201, 6 How. 201, 12 L.Ed. 404 (1848) [The "Forgay doctrine" allows immediate appeal when the substantive issues have been determined and delay would render the appeal of little value.]; *Cohen v. Beneficial*

*Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) [The collateral order rule, which allows appeal if the ruling conclusively determines a disputed questions, resolves an important issue that is completely severable from the action, and is effectively unreviewable on appeal from the final judgment.]; and *Gillespie v. United States Steel Corp.,* 379 U.S. 148, 152, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964), [Courts should give the general finality requirement of § 1291 a practical, rather than a technical construction.] *Id.* at 1342.

The Bankruptcy Reform Act of 1978 overhauled the entire appellate process for bankruptcy cases. The very broad grant of jurisdiction found in the Bankruptcy Act was replaced with 28 U.S.C. § 1293(b), which narrowed the jurisdiction of federal courts of appeal to "a final judgment, order, or decree" in bankruptcy. The circuits split on whether to interpret the finality requirement for bankruptcy appeals in the same manner in which they interpret the finality requirement of non-bankruptcy appeals. In 1984, Congress responded to judicial criticism and replaced § 1293 with § 158. Due to the similarity of their language, circuit courts of appeal routinely look to decisions interpreting § 1293(b) as a guide in construing the finality requirement of § 158(d). Mitzel, 74 Minn. L.Rev. at 1346–47. *See also, In re Saco Local Development Corp.,* 711 F.2d 441 (1st Cir.1983), for a detailed discussion of the history of appellate bankruptcy jurisdiction.

When a bankruptcy court issues a final order that the district court or bankruptcy appellate panel reverses and remands for further proceedings, the circuit courts of appeal disagree about whether the § 158(d) finality requirement should be measured by the final order of the bank-

ruptcy court or by the district court or BAP's reversal and remand.

A minority of jurisdictions hold that if a bankruptcy court's decision is final, the district court's reversal of that decision with remand for further proceedings is also final. *See Sambo's Restaurants, Inc. v. Wheeler,* 754 F.2d 811 (9th Cir.1985); *Bayer v. Nicola (In re Bestmann),* 720 F.2d 484 (8th Cir.1983); *Official Unsecured Creditors' Comm. v. Michaels (In re Marin Motor Oil, Inc.),* 689 F.2d 445 (3d Cir.1982), *cert. denied,* 459 U.S. 1206, 103 S.Ct. 1196, 75 L.Ed.2d 440 (1983).

The majority of circuits follow a more flexible approach to determining finality and focus on what remains to be done by the bankruptcy court after remand from the district court. *See In re Gould & Eberhardt Gear & Mach. Corp.,* 852 F.2d 26 (1st Cir.1988); *LTV Corp. v. Farragher (In re Chateaugay Corp.),* 838 F.2d 59 (2d Cir.1988); *ITT Diversified Credit Corp. v. Lift & Equip. Serv., Inc.,* 816 F.2d 1013 (5th Cir.1987); *TCL Investors v. Brookside Sav. & Loan Ass'n,* 775 F.2d 1516 (11th Cir.1985); *Homa Ltd. v. Stone (In re Commercial Contractors),* 771 F.2d 1373 (10th Cir.1985); *Suburban Bank v. Riggsby,* 745 F.2d 1153 (7th Cir.1984).

In *Gould,* the First Circuit held that "[w]hen a district court remands a matter to the bankruptcy court for significant further proceedings, there is no final order for the purposes of § 158(d) and therefore the court of appeals lacks jurisdiction." 852 F.2d at 29. However, "[w]hen a remand leaves only ministerial proceedings, for example, computation of amounts according to established formulae, then the remand may be considered final." *Id.* Accord, *In re G.S.F. Corp.,* 938 F.2d 1467, 1473 (1st Cir.1991); *M.S.V., Inc. v. Bank of Boston (In re M.S.V., Inc.),* 892 F.2d 5 (1st Cir.1989); *Tringali v. Hathaway Mach. Co.,* 796 F.2d 553 (1st Cir.1986); *In re American Colonial Broadcasting Corp.,* 758 F.2d 794, 801 (1st Cir.1985). *See also, Advanced Testing Technologies, Inc. v. Desmond (In re Computer Engineering Associates, Inc.),* 337 F.3d 38 (1st Cir. 2003) (Court of appeals has jurisdiction under § 158(d) to hear appeal from a district court decision reversing and remanding where the district court's order is "superfluous" and therefore deemed final for purposes of appellate review.)

In another ruling, the First Circuit held that "a district court remand order in an intermediate appeal from a judgment entered in an adversary proceeding is not final and appealable under section 158(d) of the Judicial Code ... unless it resolves all procedural and substantive issues necessary to conclude the entire appeal." *Estancias La Ponderosa Development Corp. v. Harrington (In re Harrington),* 992 F.2d 3, 5–6 (1st Cir.1993).

Thus, the First Circuit Courts of Appeals follows the majority view in determining finality under § 158(d), and looks to whether a case is remanded by a district court or bankruptcy appellate panel for significant further proceedings in order to decide whether the district court or panel's decision is interlocutory. Under this standard, this Panel's decision is interlocutory, and the court of appeals does not have jurisdiction to review it under § 158(d).

*Appellate Review of Interlocutory Decisions Under § 1292(b)*

Once it is determined whether a district court or bankruptcy appellate panel decision is final or interlocutory, and a conclusion is reached that it is interlocutory, and therefore unreviewable under § 158(d), the question remains whether the court of appeals may review the decision under § 1292(b).

Section 1292(b) provides for appellate review by the court of appeals of interlocutory decisions of the district court, and states:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . .

In *Connecticut National Bank v. Germain*, 503 U.S. 249, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992), the Supreme Court addressed whether a court of appeals has jurisdiction to hear an interlocutory appeal from a district court, acting as an appellate court in a bankruptcy matter. The Court held that § 158(d) should not be read as precluding courts of appeals, by negative implication, from exercising jurisdiction under § 1291 over district courts sitting in bankruptcy, nor should § 158(d) be read as precluding jurisdiction under § 1292. *Id.* at 253, 112 S.Ct. 1146. The Court stated:

Section 1291 confers jurisdiction over appeals from "final decisions of the district courts" acting in any capacity. Section 158(d), in contrast, confers jurisdiction over appeals from final decisions of the district courts when they act as bankruptcy appellate courts under § 158(a), and also confers jurisdiction over final decisions of the appellate pan-

els in bankruptcy acting under § 158(b). Sections 1291 and 158(d) do overlap, therefore, *but each section confers jurisdiction over cases that the other section does not reach.*

*Id.* (emphasis added). The Court goes on to state:

Because giving effect to both §§ 1291 and 158(d) would not render one or the other wholly superfluous, we do not have to read § 158(d) as precluding courts of appeals, by negative implication, from exercising jurisdiction under § 1291 over district courts sitting in bankruptcy. We similarly do not have to read § 158(d) as precluding jurisdiction under § 1292.

*Id.* And further:

There is no reason to infer from either § 1292 or § 158(d) that Congress means to limit appellate review of interlocutory orders in bankruptcy proceedings. So long as a party to a proceeding or case in bankruptcy meets the conditions imposed by § 1292, a court of appeals may rely on that statute as a basis for jurisdiction.

*Id.* at 254, 112 S.Ct. 1146. Thus, the Court rejected the appellant's argument that § 158(d) limits the courts of appeals jurisdiction over the district court under § 1292; however, the Court implies that the distinction between jurisdiction over interlocutory appeals under § 158(d) and § 1292 is their application to the decisions of bankruptcy appellate panels.

The First Circuit cited *Germain* in *Quiros Lopez v. Unanue Casal (In re Unanue Casal)*, 998 F.2d 28 (1st Cir.1993), wherein it notes:

The courts of appeals may derive jurisdiction to review a district court appellate order in a bankruptcy case from either of two statutory sources: (1) the bankruptcy appeal provisions of 28 U.S.C. § 158(d); or (2) the interlocutory

appeal provisions in 28 U.S.C. § 1292 applicable to civil provisions generally. *Id.* at 31. Further,

> *Germain* rejected the widely held view that 28 U.S.C. § 158(d) affords the only avenue of appeal from a district court appellate order in a bankruptcy case. *Compare, e.g., In re GSF Corp.*, 938 F.2d 1467, 1473 n. 4 (1st Cir.1991).

*Id.* at 31 n. 2. The *Unanue Casal* case involved an appeal from a district court, not a bankruptcy appellate panel.

In *Vylene Enterprises, Inc. v. Naugles, Inc. (In re Vylene Enterprises, Inc.)*, 968 F.2d 887 (9th Cir.1992), the court of appeals stated:

> Section 1292(b), by its plain language, affords us jurisdiction only over orders made by a district judge. Our decision today recognizes that a party to a bankruptcy court proceeding who foresees the need for an interlocutory appeal must forgo the speedier appellate process afforded by the bankruptcy appellate panel.

*Id.* at 890 n. 4.

■ In summary, there is no case law directly addressing whether a court of appeals has jurisdiction to hear an interlocutory appeal from a bankruptcy appellate panel pursuant to 28 U.S.C. § 1292(b); however, the Supreme Court's decision in *Germain*, which addresses the courts of appeals jurisdiction over interlocutory appeals from the district courts, implies that the courts of appeals do not have jurisdiction over interlocutory appeals from bankruptcy appellate panels, because such is the distinction between § 158(d) and § 1292 which makes both sections viable.

*Standards for Interlocutory Review Under § 1292(b)*

As previously mentioned, under § 1292(b), the appellate court may have jurisdiction over an interlocutory appeal where the district court includes in its order a statement that its order (1) "involves a controlling question of law" (2) "as to which there is substantial ground for difference of opinion", and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation".

In *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corporation)*, 218 B.R. 643 (1st Cir. BAP 1998), the Panel, in deciding whether it had jurisdiction to hear an interlocutory appeal from the bankruptcy court pursuant to § 158(a), took guidance from the criteria for granting an interlocutory appeal pursuant to § 1292(b). *Id.* at 652 ("Section 158 provides no express criteria to guide our discretion, but most courts utilize the same standards as govern the propriety of district courts' certification of interlocutory appeals to the circuit courts under § 1292(b).")

■ The Panel in *Fleet Data* first stated that it must "inquire whether the bankruptcy court's ruling ... presents a question of law that controls the outcome of the underlying case." *Id.* In the case presently before the Panel, the Panel's decision found that the bankruptcy court did not comply with the court of appeals' mandate; such is not a controlling question of law, but rather an interpretation of the court of appeals' directive.

As to the second criteria for granting review under § 1292(b), the Panel in *Fleet Data* stated that "[c]ircuit law limits the 'statutory anodyne' of certification to 'rare cases' where the proposed intermediate appeal presents one or more difficult and *pivotal* questions of law not settled by controlling authority." *Id.* at 653 (citations omitted). The Panel concluded "the case specific issues raised on appeal do not rise to the level of difficulty and significance

required under § 1292(b), and, therefore, they do not recommend our exercise of discretionary appellate jurisdiction under § 158(a)(3)." *Id.* Similarly, in the case currently before the Panel, the issues raised, i.e. whether the bankruptcy court complied with the court of appeals' mandate, are not difficult and pivotal questions of law not settled by controlling authority. Furthermore, the statutory reference to "a controlling question of law as to which there is substantial ground for difference of opinion" seems to refer to differences among district courts, circuit courts, etc., rather than differences between the judges of a bankruptcy appellate panel in a particular case.

Finally, as to the third factor for granting interlocutory review under § 1292(b), the Panel in *Fleet Data* found that granting review would not "materially advance the ultimate termination of the litigation" because it would not terminate the adversary proceeding nor resolve the trustee's liability. *Id.* at 654. In the case presently before the Panel, certifying the question of whether the bankruptcy court complied with the court of appeals mandate to the court of appeals may advance the termination of the litigation if the court of appeals decides that the bankruptcy court did as directed; on the other hand, if the court of appeals agrees with the Panel, the effect will be the same as if the question was not certified for interlocutory review. However, it does not appear that the issues herein are the type intended for interlocutory appellate review under § 1292(b), assuming such review is even available from a decision of a bankruptcy appellate panel to a court of appeals. Accordingly, the appellee's motion to amend judgment to certify questions for appeal pursuant to 28 U.S.C. § 1292(b) should be denied.

## Conclusion

The circuit courts of appeals have jurisdiction to review a final decision of a bankruptcy appellate panel or a district court which is reviewing a final decision of a bankruptcy court pursuant to 28 U.S.C. § 158(d). A decision by a panel or district court which reverses a bankruptcy court's decision and remands the case for significant further proceedings is not a final decision under § 158(d), and therefore may not be reviewed by the court of appeals. The courts of appeals do not have jurisdiction to entertain an interlocutory appeal pursuant to § 158(d). Although the courts of appeals do have jurisdiction over appeals from interlocutory orders of the district courts in certain situations pursuant to 28 U.S.C. § 1292, that section does not apply in the bankruptcy context to decisions of a bankruptcy appellate panel reviewing a bankruptcy court decision. Even if § 1292(b) did apply herein, this case does not meet the criteria for interlocutory review under that section.